No. 45,656

STATE OF KANSAS, *Appellee*, v. JESSE BOLEN, *Appellant.*

(469 P. 2d 422)

Opinion filed May 9, 1970.

*John B. Pyles,* of Wichita, argued the cause and was on the brief for the appellant.

*R. K. Hollingsworth,* deputy county attorney, argued the cause, and *Kent Frizzell,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: The defendant, Jesse Bolen, was convicted by a jury of forgery in the second degree (K. S. A. 21-608), uttering or passing a forged instrument (K. S. A. 21-609), and possession of a firearm after previously being convicted of a felony (K. S. A. 21-2611). Having had two prior robbery convictions in the state of California, defendant was sentenced on January 27, 1969, as a third offender (K. S. A. 21-107a) to three concurrent fifteen-year sentences in the state penitentiary.

On appeal, only two specifications of error are raised by court-appointed counsel.

The first contention is that the trial court erred in admitting into evidence a sales ticket for a .32 caliber Omega revolver that was obtained by police officers in the search of defendant's automobile.

On September 5, 1968, defendant, using the name of "James Randolph," endorsed an American Express money order and from

the proceeds thereof purchased a .32 caliber Omega revolver at a pawn shop in Wichita. The clerk gave him a bill of sale for the gun, and with the weapon, the sales ticket, and some change from the sale, defendant departed the store. Subsequent observation by the clerk disclosed the money order had been raised from one dollar to eighty-one dollars.

Following defendant's arrest, sworn testimony was presented to a magistrate, and a search warrant was obtained. The warrant authorized a search of defendant's 1960 pink Cadillac for the revolver and nine American Express money orders (the serial numbers of all items being specifically listed). In the course of the search of the automobile, which took place in the presence of defendant and his attorney, the officers found the revolver, pieces of two money orders, and the sales ticket in question. No issue is raised as to the validity of the search warrant itself.

Defendant complains seizure of the sales ticket was illegal because it was not one of the items described in the search warrant and, therefore, it was inadmissible in evidence. The contention is devoid of merit.

Under our statute (K. S. A. 1968 Supp. 62-1829) a search warrant may be issued to search for and seize any property which constitutes or may be considered a part of the evidence, fruits or instrumentalities of a crime. The mere evidence rule, which was abandoned by the United States Supreme Court in *Warden, Maryland Penitentiary v. Hayden*, 387 U. S. 294, 18 L. Ed. 2d 782, 87 S. Ct. 1642, has never been the law of this state. (*State v. Jones*, 202 Kan. 31, 446 P. 2d 851.)

While the warrant issued by the magistrate or judge must describe the property to be searched for and seized (K. S. A. 62-1830), the fact the officer executing the warrant seizes an unlisted item does not convert the search to one of a *general exploratory nature* within the prohibition of the fourth amendment to the United States Constitution or § 15 of the Bill of Rights of the Kansas Constitution against unreasonable searches and seizures. In *State v. Yates*, 202 Kan. 406, 449 P. 2d 575, we held that an officer, while conducting a legal search pursuant to a search warrant, may lawfully seize other stolen goods found on the premises but not mentioned in the warrant. The search, of course, must be directed in good faith toward the objects specified in the warrant; but if in the course of that search the officer discovers items not described

that might have been seized in a search incident to a lawful arrest, such evidence may also be legally seized in the search pursuant to the warrant. (*Harris v. United States*, 331 U. S. 145, 91 L. Ed. 1399, 67 S. Ct. 1098; *Warden, Maryland Penitentiary v. Hayden*, supra; *Gurleski v. United States*, 405 F. 2d 253 [5th Cir. 1968], cert. denied, 395 U. S. 981, 23 L. Ed. 2d 769, 89 S. Ct. 2140; *United States v. Robinson*, 287 F. Supp. 245 [N. D. Ind. 1968].) Reasonable deviation from the letter and text of a search warrant, particularly where, as in this case, the evidence uncovered is directly related to the property described in the warrant, does not amount to a "fishing expedition" on the part of the officer, as defendant argues. The sales ticket for the pistol was lawfully seized, and it was properly admitted into evidence.

Defendant's other contention, that while incarcerated in the state penitentiary he should have been provided with a copy of the trial transcript and court files, cannot be sustained. A similar argument was asserted and rejected in *State v. Grant*, 205 Kan. 220, 468 P. 2d 227. The record here discloses the trial court ordered a complete trial transcript be furnished defendant by delivering the same to his court-appointed counsel, who, in turn, was directed to file it with the clerk of the district court to become a part of the permanent records in the case. The transcript of proceedings was supplied to defendant's counsel for the purpose of preparing this appeal, in full compliance with the provisions of K. S. A. 62-1304 (*b*). There is no showing whatever that defendant has suffered any prejudice as a result of his not having separate copies of the transcript and court files in his personal possession, when such records were made available to his counsel.

Nine other specifications of error have been enumerated by the defendant, *pro se*. We have examined each of them and find them to be so patently unfounded as not to justify discussion.

The judgment is affirmed.