No. 47,286

STATE OF KANSAS, *Appellee*, v. JOHN HUBBARD, *Appellant*.

(523 P. 2d 887)

Opinion filed June 15, 1974.

*Wilbert W. Phalen*, of Pittsburg, argued the cause and was on the brief for the appellant.

*Vernon D. Grassie*, county attorney, argued the cause, and *Vern Miller*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: Defendant appeals from conviction of theft in violation of K. S. A. 1972 Supp. 21-3701 (now K. S. A. 1973 Supp. 21-3701) on the ground the evidence against him was the product of an illegal search and seizure.

On December 9, 1972, a search warrant was issued from the

city court of Pittsburg authorizing search of defendant's residence located at 710 East 22nd Street, Pittsburg. Three police officers went to defendant's home to execute the warrant. They conducted an unsuccessful search for the two items listed on the warrant, a chain saw and a large suitcase, but seized nineteen unlisted items believed by them to be stolen property. An information was filed against defendant on January 24, 1973, charging him with theft of five items listed on the return. Defendant moved to quash the search warrant on grounds the affidavit in support of the warrant did not state specific facts sufficient to show probable cause that a crime had been or was being committed, and items listed on the warrant to be searched for were not particularly described. Defendant also moved to suppress the evidence on grounds the unlisted items were seized as part of a general search without a valid warrant, and without probable cause or actual knowledge that they were contraband or fruits of a particular crime. After a hearing on the motions, the trial court concluded the search warrant was validly issued and legally executed, but officers conducting the search had probable cause to seize only the five items which were the basis of the complaint. All other items listed on the return were suppressed. At the trial and again in his motion for a new trial, defendant renewed his objection to introduction of any evidence seized pursuant to the warrant.

On appeal, defendant again raises the issue of whether the search warrant was properly issued. The warrant was issued based upon the affidavit of Officer Floyd Bradley who stated that a reliable informant had seen stolen property at defendant's residence. His testimony at the hearing on the motion to quash revealed that the informant had at one time been a suspect in the burglary, but this information was not given to the magistrate or contained in the affidavit. Defendant contends the magistrate could not make an independent determination of the credibility and reliability of the informant without that information, and, therefore, had no probable cause basis to issue the warrant.

The requirements for issuance of a warrant based upon hearsay evidence are set out in *Aguilar v. Texas,* 378 U. S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, as follows:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, . . . the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were,

and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was 'credible' or his information 'reliable.' . . ." (p. 114.)

This test has been applied in *Jones v. Crouse*, 447 F. 2d 1395, (10th Cir. 1971), cert. den. 405 U. S. 1018, 31 L. Ed. 2d 480, 92 S. Ct. 1298, and *State v. Braun*, 209 Kan. 181, 495 P. 2d 1000, cert. den. 409 U. S. 991, 34 L. Ed. 2d 258, 93 S. Ct. 334, to mention but a few among many cases. In every case sufficiency of the affidavit must be decided on its own merits.

Officer Bradley's affidavit in support of the search warrant set forth the following facts regarding the reliability of the unidentified informant:

"On December 9, 1972, I was contacted by a cooperating individual who has proved to be reliable in the past. This individual has previously furnished information regarding a residence burglary in Crawford County, Kansas. As a result of this information a defendant was charged with the burglary. At the trial of the defendant this individual testified and as a result, the defendant was found guilty of a burglary.

"The cooperative individual today, December 9, 1972, advises that while at the residence of John & Joy Hubbard, 710 East 22nd, Pittsburg, Kansas on December 6, 1972 observed a large dark colored suit case. The individual had previously seen a chain saw at the Hubbard residence. The individual has been advised by John Hubbard that he & his wife burglarized the residence of Ugo Parolo. The cooperating individual knows Ugo Parolo & has been in his home on numerous occasions & has seen a suit case at his home which is identical to the one seen at the Hubbard residence. Today, Dec. 9, 1972 the co-operating individual also observed a 22 cal. rifle & was advised by John Hubbard that it had been stolen from a Pickup Truck."

The statements of affiant in the second quoted paragraph relate in a general way how the informant got his information and why the informant was convinced the stolen items were on the premises to be searched. This information goes to the reliability of the informant's information. The second part of the test requires that the magistrate be informed of the underlying circumstances which lead an affiant to believe the informant to be credible. The first quoted paragraph of the affidavit supplies this information. To satisfy the two-fold test set out in *Aguilar* requires only that "some" of the underlying circumstances be set out in the affidavit. Inclusion of all the available information and the fact that informant was at one time a suspect in the robbery is not required by the test. Defendant's motion to quash the warrant for lack of probable cause was properly denied.

Defendant further contends the warrant is invalid because the

items to be searched for and seized were not sufficiently described. The information given the magistrate stated the suitcase was dark brown, but the warrant specified only that it was dark colored. This contention has no merit. The fact the officers executing the warrant were looking for a dark colored rather than a dark brown suitcase did not turn the search into a general one as defendant contends. The description of the articles to be searched for and seized is well within the requirements of specificity as set forth by this court in *State v. Walker,* 202 Kan. 475, 449 P. 2d 515, and *State v. Brown,* 205 Kan. 457, 470 P. 2d 815.

On appeal, defendant urges the trial court erred in admitting into evidence any of the items listed on the return because the search warrant was not executed in good faith and the officers intended from the time of issuance to search for and seize property not described in the warrant. The officers testified they had information from the same informant that defendant had in his possession a pair of wedding bands which were stolen property. They checked with a local jewelry store and were told a pair of bands was missing but had not yet been reported to police. Police officers conducting the search removed a wedding band from defendant's hand. Defendant contends from these facts that the search was not directed in good faith toward the objects specified in the warrant. We find no merit in this point. A police officer knows of many thefts and is always on the lookout for known stolen property whether listed on a warrant or not. This does not mean he is acting in bad faith in executing a warrant on which particular items are listed for search. (*State v. Turner,* 210 Kan. 836, 504 P. 2d 168.)

Defendant's next argument for suppressing all the items seized is that they were seized under mere suspicion and not with probable cause to believe they were stolen property. The trial court partially sustained this argument, but denied it with regard to the five items on which charges against defendant are based. The record shows Officer Bradley testified he and Officer Locke, both of whom were conducting the search under the warrant, had previously taken the theft report of a Mrs. Bertha Glazier. He remembered she reported losing a Montgomery Ward sewing machine with a light oak cabinet and contents, an electric coffee pot, an electric broiler-toaster, and a three-light pole lamp. These five items were among the unlisted items seized during the search of defendant's residence. Officer Bradley testified he thought the Montgomery Ward sewing machine

found at defendant's residence was the one stolen from Mrs. Glazier because it was new, but the cabinet had been stained dark in a possible attempt to camouflage it. The contents of the sewing cabinet were in a paper sack near it and the head was under the bed. These details gave him reason to believe the sewing machine was not defendant's. He specifically remembered the toaster described by Mrs. Glazier because he was unfamiliar with a toaster having a drawer for broiling. The pole lamp matching the description given by Mrs. Glazier was found in defendant's closet. The trial court, after hearing this evidence on defendant's motion to quash, found the officers had probable cause to seize the five items which are the basis of the charge against defendant. The court's interest in search and seizure is confined to punishing or discouraging illegal searches by means of the exclusionary rule set forth originally in *Mapp v. Ohio*, 367 U. S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684. The court has no ground for interest in the items seized but not proffered or admitted into evidence.

Underlying all of defendant's protests against the search and seizure of items from his residence is the contention, similar to that made in *State v. Turner*, supra, that the seizure of a number of unlisted items converts a legal search with a warrant into a general exploratory search prohibited by the Fourth Amendment to the United States Constitution and Section 15 of the Bill of Rights of the Kansas Constitution. This contention has no merit. (*State v. Yates*, 202 Kan. 406, 449 P. 2d 575; *State v. Bolen*, 205 Kan. 377, 469 P. 2d 422.) Neither the quantity nor the quality of the items seized can vitiate the legality of an otherwise lawful search. In *Anglin v. Director, Patuxent Institution*, 439 F. 2d 1342, (4th Cir. 1971), cert. den. 404 U. S. 946, 30 L. Ed. 2d 262, 92 S. Ct. 302, the court refused to suppress items introduced as evidence because officers had seized over seven hundred unlisted items from defendant's residence during the course of executing a warrant which listed only twenty-seven items. The court made the following statement:

". . . [I]t is not how many items may be seized that determines validity of a search. The rule against general exploratory searches is not aimed against quantity, nor even designed to protect property quantitatively, but, instead, is designed to prevent *indiscriminate* searches and seizures that invade privacy. . . ." (p. 1346.)

We find no merit in defendant's points on appeal and for the foregoing reasons affirm the trial court's decision.