**STATE of Maine**

**v.**

**Malcolm C. WILLEY.**

Supreme Judicial Court of Maine.

Sept. 10, 1976.

Michael E. Povich, Dist. Atty., John A. Mitchell, Asst. Dist. Atty., Mathias, for plaintiff.

Marshall A. Stern, Jerome B. Goldsmith, Bangor, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

In a two count indictment returned on June 6, 1974 by a grand jury convened in Washington County defendant Malcolm C. Willey was charged with possession of marijuana with intent to sell (22 M.R.S.A. § 2384) and possession of hallucinogenic drugs (22 M.R.S.A. § 2212–B). On October 29, 1974 a Justice presiding in the Superior Court denied defendant's motion to suppress, for potential use as evidence against him, particular marijuana and phenycylidine which, in execution of a search warrant, the police had found and seized at defendant's place of residence.

When defendant subsequently waived jury trial, a Superior Court Justice heard the case and found defendant guilty of each offense as charged. At the trial the Justice had admitted as evidence against the defendant the contraband items seized pursuant to the search warrant.

Defendant has appealed from the judgments of conviction. He asserts as his sole ground of appeal that the contraband

items seized in execution of the search warrant should have been suppressed, and excluded as evidence against him, because the warrant was issued in violation of defendant's rights as guaranteed by the Fourth-Fourteenth Amendments to the Constitution of the United States.

We sustain defendant's appeals.

On three occasions between January 26, 1974, and February 2, 1974, Ralph Bridges, an undercover Calais police officer, accompanied one Kenneth Bowers to the home of defendant in Harrington (Washington County). On each occasion, Officer Bridges remained in the car and gave $50 to Bowers who then entered defendant's home and purchased two ounces of marijuana, as requested by Bridges.

Officer Bridges then waited for *thirty-one days* after the time of the *last* purchase of marijuana at defendant's residence before he applied, on March 5, 1974, for the search warrant here under consideration.

The issue before us is whether, in view of this delay of thirty-one days, the affidavit of Bridges supporting his request for a search warrant made a legally sufficient showing of the "probable cause" constitutionally requisite to justify issuance of the warrant.

The affidavit provides the following information bearing on probable cause:

"On January 26, 1974 at approximately 6:00 p.m. this affiant . . . [accompanied] by one Kenneth Allen Bowers hereinafter referred to as Boogie Bowers went by automobile to the above described premises owned and occupied by the said Malcolm (Mickey) Willey. Upon arrival this affiant gave Boogie Bowers $50.00 for the purchase of 2 ounces of marijuana. Boogie Bowers entered said premises and shortly returned from within with 2 ounces of marijuana, which marijuana has since been tested with positive results by the

Department of Health and Welfare in Augusta. On January 28, 1974, this affiant repeated this process where Boogie Bowers entered said premises and returned with marijuana with similar test results. This process was repeated with like results yet again on February 2, 1974.

"On or about February 2, 1974 Boogie Bowers stated to this affiant that Mickey (Malcolm Willey) always has plenty of marijuana and was expecting a large shipment in a day or two. On other occasions Boogie Bowers has informed this affiant that Malcolm (Mickey) Willey always has grass on hand in said residence and never runs out.

"This affiant further states that he has every reason to believe Boogie Bowers and does in fact believe Boogie Bowers particularly in light of the three occasions stated above where Boogie Bowers said there was marijuana on the above described premises, entered said premises and in fact returned with marijuana from within."

■ Initially, we note that we test the validity of a search warrant by whether the *facts* stated in the affidavit are sufficient to establish probable cause. *State v. Appleton*, Me., 297 A.2d 363, 367 (1972); *State v. Cadigan*, Me., 249 A.2d 750 (1969); conclusory statements without a recital of the underlying factual circumstances will not suffice. *State v. Benoski*, Me., 281 A.2d 128 (1971); *State v. Cadigan*, supra.

■ Further, as more directly concerned with the substantive aspects of probable cause, probable cause to justify the issuance of a search warrant must exist at the time the warrant issues. *United States v. Boyd*, 422 F.2d 791 (6th Cir. 1970); *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932). Thus, circumstances occurring substantially before the issuance of a search warrant can justify issuance of the warrant only if

such past circumstances disclose a "probable cause" of sufficiently continuing nature to authorize, as rational, an inference that the past probable cause is still operative at the time the search warrant is sought. *Sgro v. United States,* supra; *United States v. Neal,* 500 F.2d 305 (10th Cir. 1974). Although events which have occurred close to the time a search warrant is requested have stronger tendency than remote events to show probable cause justifying issuance of the search warrant, *Rosencranz v. United States,* 356 F.2d 310 (1st Cir. 1966), whether a past probable cause is still continuing at the time of the request for a search warrant is not determined merely by the passage of time; it may depend, also, on the particular kind of criminal activity involved, the length of the activity and the nature of the property to be seized. *United States v. Steeves,* 525 F.2d 33 (8th Cir. 1975); *United States v. Johnson,* 461 F.2d 285, 287 (10th Cir. 1972); *State v. Tella,* 113 R.I. 303, 321 A. 2d 87, 90 (1974). We have refrained, therefore, from prescribing any *per se* rule fixing a specified period as a mandatory maximum time within which, to be valid, a search warrant must be sought after occurrence of the events relied upon to show probable cause; the approach is *ad hoc* in terms of the circumstances of each case. *State v. Appleton,* Me., 297 A.2d 363, 370 (1972).

■ Here, the affidavit states as *facts* of which the affiant Bridges had personal knowledge *only* that on three occasions during the eight day period January 26 to February 2, inclusive, Kenneth Bowers made three separate purchases of two ounces of marijuana at defendant's residence. In light of the nature of marijuana as a substance which can be easily concealed and moved about and the relatively brief surveillance of defendant's residence during the period of forty-two days from the date of the first purchase to the time of the application for search warrant (three brief incidents in a period of eleven days followed by thirty-one days of no sur-

veillance whatever), we conclude that the three purchases at defendant's residence, as the only facts known to the affiant Bridges, are insufficient by themselves to justify the rationality of the conclusion by the magistrate that *thirty-one days after* the last such purchase had been made, there was still probable cause to believe that marijuana was present at defendant's home.

■ The question remaining, then, is whether there was anything else in the affidavit which, if taken as properly supplementing the facts within the personal knowledge of the affiant Bridges, would render the entirety of the affidavit a sufficient showing of the probable cause necessary to justify issuance of the search warrant requested.

The only other matters in the affidavit ostensibly discharging this function are the representations by the affiant Bridges that, more than thirty-one days prior to the application for the search warrant, Kenneth Bowers had *told* Bridges that (1) Willey "always has plenty of marijuana" and (2) Willey was "expecting a large shipment in a day or two."

■ This information from Bowers was purely hearsay as to the affiant Bridges. Yet, hearsay may assist in supporting a magistrate's finding of probable cause if (1) the hearsay provides *facts* to assist the magistrate in arriving at the independent judgment of the existence of the probable cause necessary to support issuance of a search warrant, and (2) the affidavit discloses facts showing that the source of the hearsay information is reliable. *State v. Gamage,* Me., 340 A.2d 1 (1975); *State v. Appleton,* supra; *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

Here, we need not be concerned with the adequacy of the showing of the reliability of Bowers (as the source of hearsay information to the affiant Bridges) because we conclude that, in any event, the hearsay in-

formation itself failed to provide any facts, additional to the facts known to the affiant (the three prior purchases), which, taken in conjunction with the three prior purchases, would be adequate to show the requisite probable cause for issuance of a search warrant.

 The affidavit of Bridges failed to reveal how Bowers was in a position to be able to say, as purported truth, that Willey "always" has plenty of marijuana and "was expecting a large shipment" in a day or two. Such statements by Bowers are not themselves statements of known *facts,* i. e., of particular events or occurrences directly perceived by a person who thus "knows" of them as "facts." Bowers' statements were, rather, statements of ultimate conclusions summarizing, or interpreting, the significance of other independent particular perceptions of individual events, or occurrences. These other underlying individual events, or occurrences, may, or may not, have been directly perceived by Bowers. It was necessary, therefore, at minimum, that the affidavit of Bridges should (1) state the nature of such other direct perceptions of particular events, or occurrences, on the basis of which the ultimate conclusions stated by Bowers had been reached, and (2) state whether such direct perceptions were those of Bowers or some other person who had told Bowers about them—in which latter situation it would be further requisite that the affidavit disclose facts showing the reliability of this other person as the source of hearsay information to Bowers (who in turn, had given the information, as hearsay, to the affiant, Bridges). Because the Bridges affidavit contained none of this additionally necessary information, the magistrate lacked rational factual basis for an independent conclusion that there was probable cause to believe that marijuana would be present at defendant's residence when the requested search warrant was being applied for (or would be executed). *State v. Hawkins,* Me., 261 A.2d 255 (1970).

 Hence, the issuance of the search warrant, and the seizure of the contraband items in execution of it, violated rights of defendant as guaranteed by the Fourth-Fourteenth Amendments to the Constitution of the United States. The contraband articles were, therefore, erroneously admitted as evidence against the defendant. Since, here, this error was prejudicial to defendant, the judgment of conviction entered against defendant must be reversed.

The entry is:

*Appeals sustained.*

All Justices concurring.

WEATHERBEE, J., sat at argument and participated in consultation, but died before the opinion was adopted.