STATE of Maine

v.

Alfred J. LODER.

Supreme Judicial Court of Maine.

Jan. 10, 1978.

M.R.S.A. § 1001 (sodomy), of 17 M.R.S.A. § 3151 (rape) and of 34 M.R.S.A. § 2259 (denial of rights of a mental patient). The indictments were consolidated for trial, and a jury trial was held at the end of March, 1975. Defendant was found guilty as charged in each indictment. Defendant has appealed from each of the three judgments of conviction entered on the verdict of the jury.

We must sustain the appeals. We find that defendant was prejudiced at the trial by evidence admitted against him which had been found and seized in an unconstitutional search of defendant's room.

Defendant was an employee of the Augusta Mental Health Institute and lived there in a room provided to him. On October 3, 1974 a warrant was issued pursuant to which police officers of the City of Augusta searched defendant's room. During the search they found and seized various articles, among which were 67 photographs (66 in color and one in black and white) of nude women in various poses and a cordless electric vibrator. The 67 photographs were admitted in evidence against defendant, as was the vibrator (as a device used by defendant to produce sexual arousal).

Here, whether the search of defendant's room was unconstitutional, as defendant maintains, depends on whether the affidavit in support of the request for search warrant showed probable cause for the search.[1]

Michael D. Seitzinger (orally), Charles Leadbetter, Asst. Attys. Gen., Augusta, for plaintiff.

C. J. & N. C. Bourget by Norman Bourget (orally) and Joseph M. O'Donnell, Augusta, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK and GODFREY, JJ.

WERNICK, Justice.

We are here concerned with three indictments against defendant Alfred J. Loder returned on November 12, 1974 in the Superior Court (Kennebec County). The indictments charged, respectively, violation of 17

---

1. The affidavit read as follows:

"I, Kerryl L. Clement, of Augusta, Maine do, on October 3, 1974 depose and say that I am a duly sworn police officer of the City of Augusta, Maine.

"As your affiant, I state I have probable cause to believe and do believe that on certain premises, to wit, A room numbered 203 and another room, presently occupied by Alfred J. Loder, located within the Mechanic's Building, so-called, located within the boundaries of property designated as the Augusta Mental Health Institute and situated within the City of Augusta, County of Kennebec and State of Maine, said property owned by the State of Maine; more specifically, room number 203 is located on the Northeast corner of the second floor of said building and the second room is unknown to your affiant by number but is

described as the room presently occupied by the said Alfred J. Loder and is located on the South side of the second floor of said building near the West end: there now exists certain items which are evidentiary in nature or are contraband illegally possessed.

"My reason to believe that on the premises aforenamed there does now exist certain items of contraband and certain items evidentiary in nature, to wit, Darvon, cannabis and other illicit or illegally held prescription or controlled drugs and photographs of female persons, phallic devices and related items are as follows:

"On October 3, 1974, . . . [two persons named] voluntary or former patients of the Augusta Mental Health Institute, reported to the Augusta Police Department that an employee of the Augusta Mental Health Institute, Alfred J. Loder, was attempting to obtain sexu-

The State candidly admits in its brief that it has "reluctantly concluded that the affidavit was insufficient to support the issuance of the warrant." However, the State suggests that the convictions of defendant may be sustained, despite the prejudice to the defendant from the unconstitutional search of his room, because the State believes that defendant had not saved at nisi prius the constitutional issue defendant now purports to assert on appeal.

We disagree with the State.

■ Defendant filed a pre-trial motion to suppress. In it he made the express claim that "the warrant was insufficient on its face" and

> "[t]here was not probable cause for believing the existence of the grounds on which the warrant was issued."

Although in his pre-hearing memorandum submitted to the court defendant may have emphasized other deficiencies of the warrant and the supporting affidavit,[2] defendant did mention his contention that probable cause for the search had not been sufficiently shown. At the hearing on the motion to suppress the presiding Justice made expressly clear that he was aware of defendant's argument as to the insufficiency of the affidavit to support issuance of a warrant. Hence, since the sufficiency of the affidavit to establish probable cause was a question of law to be decided by examination of the contents of the affidavit, the Justice's denial of the motion to suppress must be taken as including a decision that the affidavit sufficiently established probable cause for the search requested.

■ The defendant thus adequately saved for our appellate cognizance in ordinary course the issue of the sufficiency of the affidavit to show probable cause.[3]

■ Turning to the merits of the question whether the affidavit sufficiently showed probable cause for the search for which the warrant was requested, we must conclude—as did the State in its brief—that the affidavit was deficient.

■ Probable cause to search at a designated place for evidence of a crime signifies the existence of facts which warrant a reasonable belief that (1) a crime was committed and (2) evidence concerning the crime committed will be found at the place designated for search. *State v. Cadigan*, Me., 249 A.2d 750, 756 (1969); *State v. Gamage*, Me., 340 A.2d 1, 15 (1975). The circumstances constituting probable cause must exist at the time the search warrant issues. *State v. Willey*, Me., 363 A.2d 739 (1976).

> "Neither the magistrate nor a reviewing court can go outside the four corners of the affidavit to determine the existence

al favors from patients through the use of illicit drugs, cannabis, sexual devices and the taking and displaying of photographs and did in fact undertake sexual contact related to said attempts, to wit, did disrobe and fondle the bodies of certain female patients to wit, the said . . . [above-named two persons]. As a result of said report, your affiant does have reason to believe and does believe that the rooms occupied and controlled by the said Alfred J. Loder do now contain the aforenamed items of evidence and contraband, which are now possessed by the said Alfred J. Loder.
>                    s/ Kerryl L. Clement"

2. In the memorandum defendant's argument was directed primarily to the points that the warrant failed to describe the property to be seized with requisite particularity and that the affidavit failed to establish that the property

sought "will aid in a particular apprehension or conviction", as required by Rule 41(b)(4) M.R. Crim.P.

3. The record reveals that defendant's motion to suppress bore a title which referred to four docket numbers identifying cases other than the three now before us. Such title designation, however, does not confine the legal effect of the decision on the motion to suppress to the cases thus identified and does not deprive the decision of carry-over force as to other criminal prosecutions against defendant in which the State seeks to utilize against defendant the evidence sought to be suppressed. Rule 41(e) M.R.Crim.P. provides that the decision on a motion to suppress operates "at *any* criminal proceeding" (emphasis supplied) in which the evidence covered by the suppression motion is sought to be used against the movant.

of probable cause", *State v. Appleton*, Me., 297 A.2d 363, 367 (1972),[4] and the affidavit must state facts and not merely conclusory assertions. *State v. Willey*, supra.

■ In accordance with *Cadigan, Gamage, Appleton* and *Willey*, supra, an affidavit, as here, based entirely on hearsay information to the affiant must set forth underlying circumstances providing a factual basis supporting a reasonable belief that evidence is present (or crimes are occurring) in the place designated for search.

■ The hearsay information referred to in the instant affidavit indicates only that defendant had committed various illegal acts against patients without specification of the time or place of the illegal acts or the location of the photographs or sexual devices described as involved in the acts. This information provides no facts warranting a reliable belief that the photographs or phallic devices involved would be in the defendant's *room at the time the search was proposed to be conducted.* That the affidavit used the language that defendant "was attempting" to obtain sexual favors by the use of photographs and phallic devices is not a sufficient indication of activity continuing in the present. Such resort to the imperfect tense is so indefinite a statement of that time it creates the danger that information which is "ancient" may falsely be made to appear as "present." See *Rosencranz v. United States*, 356 F.2d 310, 316–318 (1st Cir. 1966). Here, this danger is magnified since the affidavit states that the two persons from whom the affiant officer obtained the information were "voluntary or *former* patients" at the Institute. (emphasis supplied)

The search of defendant's room was in violation of defendant's rights under the Fourth–Fourteenth Amendments to the Constitution of the United States and, therefore, the 67 photographs and the cordless vibrator found and seized during the course of that search should have been suppressed as evidence against defendant. The admission of them as evidence at defendant's trial was error, and the error was prejudicial to defendant.

The entry is:

Appeals sustained; each judgment of conviction is set aside; remanded to the Superior Court for further proceedings consistent with the opinion herein.

ARCHIBALD, J., did not sit.

DELAHANTY, J., sat at argument and conference but did not otherwise participate.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

POMEROY and GODFREY, JJ., and DUFRESNE, A. R. J., concurring.

---

4. See also n. 9 of *State v. Fernald*, Me., 381 A.2d 282 (1978).