No. 48,333

STATE OF KANSAS, *Appellee,* v. GEORGE HOWARD and CHARLES
HOWARD, *Appellants.*

(579 P.2d 702)

Opinion filed June 10, 1978.

*Gary Blanton,* of Warner, Bailey, O'Hara & Busch, of Wichita, argued the cause, and *Andrew E. Busch,* of the same firm, was with him on the brief for George Howard, and *T. L. O'Hara,* of the same firm, was with him on the brief for Charles Howard.

*Robert Sandilos,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is a direct appeal by defendants-appellants George Howard (hereafter George) and Charles Howard (hereafter Charles) from numerous jury convictions.

George and Charles were originally charged in a twenty-five count information along with their brother, Donald Wayne Howard, and mother, Alma Howard. Two counts were dismissed prior to trial on motion of the defendants.

George was charged in twenty-two of the remaining twenty-three counts and was convicted of four counts of forgery (K.S.A. 21-3710), seven counts of burglary (K.S.A. 21-3715), one count of aggravated burglary (K.S.A. 21-3716), five counts of felony theft and three counts of misdemeanor theft (K.S.A. 21-3701), and two counts of possession of forgery devices (K.S.A. 21-3714).

Charles was charged in ten of the twenty-three counts and was convicted of one count of forgery (K.S.A. 21-3710), two counts of

burglary (K.S.A. 21-3715), three counts of theft (K.S.A. 21-3701), and two counts of possession of forgery devices (K.S.A. 21-3714).

Donald Wayne Howard was charged with one count of theft and one count of possession of forgery devices and convicted of one count of misdemeanor theft. Alma Howard was charged in the same two counts as Donald and was found not guilty on both counts. Donald is not a party to this appeal.

Both George and Charles have raised the same points on appeal and filed identical briefs and their appeals will be considered together.

This case began September 29, 1975, when the two appellants, and two other individuals, attempted to cash a forged check for $160.00 at the Fourth National Bank & Trust Company in Wichita. The teller, who had been alerted to watch for certain stolen checks, called her supervisor who then called the police. Shortly thereafter, police officers arrived and arrested appellants for writing and issuing a forged check. As an incident to the arrest, police recovered from appellants' car several items, including a checkbook and leather case belonging to Martin Dondlinger, Jr., a union card in the name of Michael K. Yeager, several checkbooks and an envelope, containing stock certificates, with the name Mark Ritter on the back.

Police ascertained that these items matched property reported as recently stolen from the residences of Dondlinger, Ritter and Yeager. Appellants were arrested and thereafter detectives obtained a warrant to search appellants' residence at 1518 North Hillside, Wichita. Listed on the warrant were items reported stolen from the Ritter and Dondlinger residences. Stock certificates, a television set, a watch and personal checks of Ritter, listed on the search warrant, were seized by the officers. Also seized and introduced at trial were insurance papers, checkbooks, savings account books, various identification cards, a passport, a pistol, a leather coat and various other items not specifically listed on the warrant.

In their first point on appeal, appellants assert that instructions seven through thirteen are ambiguous and unclear. These instructions set forth the elements of the numerous different crimes charged along with the counts involved. Appellants claim that since there were four defendants the court should have included in each instruction the names of the defendants charged with that

particular offense. Instructions seven and eight referred to "the named defendants"; nine, "the named defendant"; ten, "various defendants"; eleven "certain defendants"; and twelve and thirteen, "the defendants or part of them."

Instruction number one includes the full content of each count as stated in the information and the defendants allegedly involved in each count are clearly identified. Instructions seven through thirteen are the standard PIK instructions for each offense charged in the information. When read alone, instructions seven through thirteen might be subject to criticism as not setting out with sufficient specificity the particular defendant charged with that offense. However, these instructions are not to be read in isolation.

"The propriety of instructions to a jury is to be gauged by their consideration as a whole, each in conjunction with all other instructions given in the case." *State v. Childers,* 222 Kan. 32, Syl. ¶ 5, 563 P.2d 999 (1977); *State v. Ingram,* 211 Kan. 587, Syl. ¶ 5, 506 P.2d 1148 (1973).

When instructions seven through thirteen are read in conjunction with all the other instructions, they are sufficiently clear to adequately inform the jury of the facts necessary to reach a verdict on each count charged. That the jury was not misled and did consider the different charges as they related to each defendant is borne out by the verdicts finding Charles not guilty of two counts, Donald guilty of a lesser included offense on one count and not guilty of the second count against him, and Alma not guilty of either count against her.

After the state rested, defendants moved to dismiss counts five, eleven and twelve. Both appellants were charged in count five with committing the Yeager burglary on September 29, 1975, and in counts eleven and twelve with burglary and theft of the Ritter residence on September 25, 1975. During the trial, however, the witnesses testified that the Yeager burglary was committed September 26 or 27, 1975, and the Ritter burglary September 27, 1975.

Pursuant to K.S.A. 22-3201(4), the trial court permitted the state to amend the information to conform with the evidence presented.

Appellants, in their second point on appeal, contend they were substantially prejudiced by the amended complaint as they were unable to adequately prepare any sort of defense for the days allowed by the amendment.

K.S.A. 1976 Supp. 22-3201 speaks to this problem:

"(2) . . . The precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offense. . . .

"(4) The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

The inquiry under the statute is whether or not the circumstances of each case reflect prejudice to the defendant. Where the record fails to establish prejudice to the defendant's substantial rights, amendment any time before the verdict is proper. See *State v. Sisson,* 217 Kan. 475, 536 P.2d 1369 (1975); *State v. Jones,* 204 Kan. 719, 466 P.2d 283 (1970); *State v. White,* 1 Kan. App. 2d 452, 571 P.2d 6 (1977).

We find no merit in appellants' second point.

Wichita police officers executed a search warrant on September 30, 1975, for the residence of the defendants. Listed on the warrant were items reported stolen in the September 27, 1975, burglary of Mark Ritter's apartment. These items included stock certificates, a television set, a watch and blank personal checks. In addition to the items listed in the warrant there were numerous other items taken during the search, some of which were used in evidence by the prosecution during trial. Unlisted items taken in the search and introduced as evidence included, among others:

Insurance papers of Michael K. Yeager, (Count 5);

Checkbook of David Hayden and Marcella (Marsha) L. Wilson, (Count 16);

Savings Account Register Book on Lonnie Rolfe, Jr. (Counts 20 and 21);

Savings Account Book of Rickie Floyd, checkbook of Rickie Lee Floyd, blank checks of Rickie Lee Floyd (Counts 14 and 15);

Smith & Wesson Magnum owned by Robert Y. Jones (Counts 22 and 23);

Checkbook, charge card, driver's license, W.S.U. Registration, St. Francis Hospital School of Nursing I.D. Card and American Red Cross Card of Stephanie K. Owens (Counts 17 and 19).

Motions to suppress admission of the unlisted items were heard and denied before trial and during trial.

In *State v. Hubbard,* 215 Kan. 42, 523 P.2d 387 (1974), we held:

"When an officer is proceeding lawfully in making a valid search for items listed in a search warrant and discovers property known to be stolen but beyond the scope of the warrant and unrelated to the listed items, he may seize the same; and such property, if otherwise unobjectionable, may be admitted in evidence for the prosecution of the theft thereof. (Following *State v. Turner,* 210 Kan. 836, Syl. ¶ 1, 504 P.2d 168.)" Syl. ¶ 3.

"The validity of a search is not affected by the seizure of property beyond the scope of a warrant if the officer at the·time of the seizure has probable cause, as distinguished from mere suspicion, to believe the property to be stolen. (Following *State v. Turner,* supra, Syl. ¶ 2.)" Syl. ¶ 4.

The presence of numerous checkbooks in a private residence, none of which were owned by any resident of the dwelling searched, rises above mere suspicion, clearly presenting probable cause for the officers to believe that illegal possession of additional stolen property may have been discovered. Among the items listed on the warrant, and found during the search, was the checkbook of Mark Ritter. Officers are not required to close their eyes to a more extensive cache of items, similar to those named in a warrant, when such items are almost certainly the result of similar criminal activity.

The same is true of items of personal identification and other similar property not belonging to any resident of the dwelling searched. None of the items seized were owned by residents of the Howard home and a number of them had been reported stolen.

There was no error in the admission of such items in evidence.

Next appellants claim error because one of the jurors was observed taking notes during trial. When it came to the court's attention, the trial judge admonished the jury but did not confiscate the notes.

The appellants have failed to show any basis for their claim of prejudice other than the fact that the juror took notes. Defense counsel made no timely objection to the juror's conduct; the trial court brought the matter to counsel's attention. In *State v. Jones,* 222 Kan. 56, 563 P.2d 1021 (1977), this court dealt with notes taken by a juror, without objection by defense counsel, that were confiscated by the trial court. In rationale dispositive of the defendants' contention herein, the court stated:

". . . In any event, the fact a juror takes notes during trial does not create error per se; a defendant must show that there has been prejudice of his substantial rights. . . ." *State v. Jones,* 222 Kan. at 61.

Absent any showing of prejudice the fact that notes taken during the trial were available during the jury's deliberation does not require a new trial.

Shortly before the jury reached its verdict, the following written question was sent to the trial court:

"Can we consider evidence given in testimony but not written in the counts? This pertains to counts 24 and 25."

While counsel and the trial judge were formulating the answer to the question, the jury reached its verdict. Charles was found guilty on both counts and George was found guilty on count 25. The jury returned its verdict within minutes after sending the question to the trial court. Appellants contend this constituted error.

The instructions given by the trial court clearly delineated the elements and proof required for each count. Appellants present no basis for inference that the jury verdict was reached by considering any evidence other than that properly admitted by the trial court. The logical conclusion is the jury clarified the matter themselves based on the court's existing instructions.

Finally, appellants, in their statement of the issues, raised the question of the sufficiency of the evidence but did not brief or argue the point. The record indicates a substantial quantum of competent evidence to support the conviction of both appellants.

The judgment of the trial court is affirmed.