**STATE of Maine**

v.

**Robert Edward HOLLANDER.**

Supreme Judicial Court of Maine.

March 29, 1972.

James S. Erwin, Atty. Gen., Peter W. Culley, Asst. Atty. Gen., Augusta, for plaintiff.

Charles A. Peirce, Palermo, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

The State, pursuant to 15 M.R.S.A. § 2115–A(1),[1] appeals from an order of the Superior Court granting the defendant's motion to suppress evidence seized under a search warrant alleged to be insufficient. The correctness of that order is the sole issue before us.

A State Police Detective, on November 5, 1970, executed a request for the issuance of a warrant authorizing the search of a room in a college dormitory; namely, "room #19 . . . Wood Hall . . . ." In the affidavit incorporated therein he described three purchases in other dormitory rooms on different dates by an informant, whose identity was not disclosed, of Cannabis Sativa L, LSD 25 and amphetamines, proven to be such by laboratory testing. He recited that he knew the informant personally, that he accompanied him on each occasion to the dormitory and was handed the various substances subsequent to their respective purchases. He then recited that, prior to these purchases, this person had given him information regarding the identity of individuals involved in interstate transportation of stolen motor vehicles from Maine to New Hampshire, which "was, in fact, correct," as evidenced by the subsequent location of these vehicles in New Hampshire.

On November 5, 1970, the same officer executed another affidavit "to be taken together with" the affidavit and request for a search warrant of the same date. In this affidavit another dormitory purchase of "marijuana" by the same informant was described, as was the acquisition of cocaine in "Room 19 located on the second floor and north side of a building known as Wood Hall." The Detective affirmed that he tested the cocaine, with positive results, on his "Narcodal Kit."

The search warrant used this language:

"[I] am satisfied that there is *probable cause* to believe that the property so described and used is being concealed on

---

1. "§ 2115–A. Appeals on questions of law.
   1. Appeals prior to trial. An appeal may be taken by the State in criminal cases on questions of law, with the written approval of the Attorney General, from the District Court and from the Superior Court to the law court from a decision, order or judgment of the court suppressing evidence prior to trial, allowing a motion to dismiss an indictment, complaint or information, quashing an arrest or search warrant or suppressing a confession or admission, or ruling against the State in any pretrial order. Such appeal shall be taken within 10 days after such order, decision or judgment has been entered, and in any case before the defendant has been placed in jeopardy under established rules of law. Any appeal which may be taken under this section shall be diligently prosecuted."

the premises above described, upon the following *grounds:*

1. Affidavit and Request for Search Warrant dated November 5, 1970 and signed and sworn to by Durward Durrell, Jr; and

2. Affidavit dated November 5, 1970 and signed and sworn to .by Durward Durrell, Jr.; *both of which are attached to the original hereof."* (Emphasis supplied.)

The Justice below ruled "that the warrant is insufficient in that the complaint justice failed to state the grounds of probable cause required by Rule 41(c)." From our summary of facts set forth in the two affidavits it is clear that had the magistrate reiterated the facts set forth in both affidavits, the search warrant would have been valid beyond any question. We do not agree with the ruling of the Justice below.

M.R.Crim.P., Rule 41, adopted on December 1, 1965, now serves to implement the constitutionally required procedures mandated by the Fourth Amendment, as well as our Maine Counterpart, M.R.S.A. Const. Art. I, § 5.

M.R.Crim.P., Rule 41(c) provides in part that the search warrant "shall issue only on an affidavit . . . establishing the grounds for issuing the warrant . . . ." and it "shall state the grounds of probable cause for its issuance . . . ."

As stated in the Reporter's Notes, Glassman, Maine Practice, Rules of Criminal Procedure, "[s]ubdivision (c) is substantially the same as the corresponding Federal Rule, and generally reflects existing practice. See: 15 M.R.S.A. §§ 52–54." 15 M.R.S.A. § 53, repealed coincident with the adoption of the Maine Rules of Criminal Procedure, provided that "[a] search warrant shall recite, by *reference to the complaint annexed or otherwise,* all the essential facts alleged in the complaint . . . ." (Emphasis supplied.)

Rule 41(c), in a technical sense, would seem to require that the grounds for probable cause appear in both the affidavit and the search warrant. We must decide whether allowing the seach warrant to incorporate, by clear reference, the grounds of probable cause as set forth in the affidavits violates the requirement of this rule.

The rationale underlying Rule 41(c) was concisely stated in State v. Cadigan (Me. 1969) 249 A.2d 750.

"The rule assures certainty of compliance with constitutional requirements of probable cause, establishes upon the record the facts upon which the magistrate made his determination without subjecting him to the inconvenience of being called to account as a witness, and permits orderly review of the magisterial action." *Id.* at 759.

Maine practice prior to the adoption of the Criminal Rules permitted a search warrant to incorporate facts by reference. (15 M.R.S.A. § 53). It is proper criminal pleading to affix to an indictment a document containing facts essential to its validity. State v. Talbot (1964) 160 Me. 103, 198 A.2d 163.

This method of establishing on the record the grounds of probable cause prior to the issuance of the warrant violates no constitutional provision. A basic reason for requiring the grounds of probable cause to appear on the face of the warrant is to provide a reviewing court with a complete record. Clear reference to an attached affidavit setting forth a basis of probable cause serves the same purpose. Certainly no reviewing court could decide whether probable cause existed without having the incorporated document [the affidavit] before it. Further, the warrant becomes complete when the attached affidavits are considered as a part of it. The record before the reviewing court demonstrates the basis upon which the magistrate made his decision that probable cause existed.

The United States Supreme Court has never attempted to impose on the states precise procedural methods by which Fourth Amendment rights may be protected, leaving each state free to adopt rules affording constitutional protection against illegal searches and seizures.

In United States v. One Olivetti Electric 10-Key Adding Machine, Inc. (5th Cir. 1969) 406 F.2d 1167, the court, in denying a motion to suppress, approved the incorporation by reference of an unsworn statement. An Internal Revenue agent presented a sworn complaint and affidavit for a search warrant to the United States Commissioner, both of which made reference to an unsworn statement of the agent which established probable cause. Although appellant attacked the legality of the warrant on the grounds that the statement showing probable cause was not sworn to, the court stated, "both the sworn complaint and the sworn affidavit for search warrant *incorporated the attached statement by clear reference.*" *Id.* at 1168. (Emphasis supplied.) The case before us would be identical to *Olivetti* if the statement describing the purchase of cocaine was not under oath.

We agree with the court in *Olivetti* that the type of objection here made is technical, insubstantial, and forms no basis for the suppression of evidence.

The entry is

Appeal sustained. Remanded for further proceedings.

All Justices concurring.