**STATE of Maine**

**v.**

**George and Irene STONE.**

Supreme Judicial Court of Maine.

July 5, 1974.

Peter M. Garcia, Asst. County Atty., Auburn, for State.

Berman, Berman & Simmons by Robert A. Laskoff, Lewiston, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

On September 12, 1972, defendants were charged in a four-count indictment with illegal possession of cocaine, phencyclidine (PCP), dylysergic acid diethylamide (LSD–25), and cannabis, in violation of

Title 22 M.R.S.A. 2362, 2212–B and 2382, subd. 1.

Shortly following indictment, defendants moved under Rule 41(e) Maine Rules of Criminal Procedure, to suppress certain evidence[1] seized pursuant to a search warrant executed on September 3, 1972.

After hearing, the motion was denied.

Appeal was seasonably taken.

The issue is now before us on report, pursuant to Rule 37A, M.R.Crim.P.

We note that the agreed statement of facts recites that

". . . if the appeal of the defendants is sustained, then the State will dismiss the pending indictment against these defendants, as there would be insufficient evidence to convict the defendants if the evidence Defendants seek to suppress is not admissible at trial."

In their motion to suppress defendants alleged numerous deficiencies in the search warrant, the underlying affidavits, and the manner of execution of the warrant.

Because for reasons which will appear, we find the affidavit and resulting warrant insufficient as a matter of law, we sustain defendants' appeal.

As will also appear, it is unnecessary that we consider and dispose of each particular challenge to the warrant mounted by defendants.

The warrant was issued at 12:05 a. m. on September 3, 1972, by a complaint Justice upon application of a Lewiston police detective. The warrant was based, allegedly, upon *two* supporting affidavits, one entitled "Affidavit and Request for Search Warrant," and the other untitled.[2]

In brief, the titled affidavit states in rather conclusory terms that Roy Perham, Jr., "a duly sworn police officer of the City of Lewiston," had probable cause to believe that "hypodermic syringes, cocaine and marijuana" were concealed on certain premises occupied by defendants, and that because of the officer's positive belief that the "property" was on the premises and the necessity of preventing removal, a nighttime search warrant was required.

The supplemental affidavit, also sworn on September 3, 1972, contains much greater detail. In summary, it alleges the following: That the affiant was a detective with the Narcotics Division of the Lewiston Police Department; that on five previous occasions an informer, acting on the detective's instructions, had purchased drugs from other individuals, and that the informer's descriptions of the nature of the substances thus obtained had been verified by laboratory analysis in each instance; that the affiant therefore considered the informer to be reliable; that on September 2, 1972 (the day preceding issuance of the warrant), the said informer had "obtained" from defendant Irene Stone a substance which, after delivery to the detective, was established by field analysis to be cocaine; and that at the time of obtaining this substance, the informer "saw certain syringes" in defendants' apartment.

The warrant states in part:

"Affidavit having been made before me by Detective Roy Perham, Jr., that he has reason to believe that on the premises known as the apartment occupied by Irene Stone and George William Stone and the adjoining shed on the fourth story of the building . . . there is now being concealed certain property, to wit; hypodermic syringes, cocaine and marijuana.

---

1. A lengthy inventory of the evidence described a variety of drug paraphernalia, and substances appearing to be illicit drugs. A significant amount of cash was also seized in the search of defendants' jointly-inhabited apartment.

2. For purposes of clarity, we shall refer to the untitled document as the "supplemental" affidavit. (See Appendices A, B and C for full texts of the warrrant, and titled and supplemental affidavits, respectively).

"As I am satisfied that there is probable cause to believe that the property so described and used is being concealed on the premises above described, upon the following grounds: an affidavit of Detective Roy Perham, Jr. of the Lewiston Police Department."

We are thus presented with three separate documents.

We must examine the alleged affidavits to see if either or both alleged facts sufficient to justify the issuance of the warrant. If either or both allege sufficient factual basis for a warrant, we must ascertain whether or not it clearly appears whatever affidavit or affidavits are now in the case were before the magistrate at the time he issued the warrant.

The underlying principles which must guide us, of course, are drawn from the Maine and United States Constitutions insofar as they address the reasonableness of searches and seizures conducted under government authority.

In our recent decision in State v. Appleton, Me., 297 A.2d 363 (1972), we had occasion to restate those specific guidelines to be applied in considering the sufficiency of an underlying affidavit to support a search warrant.

Those same guidelines must be applied here, though we are confronted with a complicating factual circumstance, in that *two* documents purporting to be affidavits may or may not have formed the basis for the magistrate's determination that probable cause existed to justify issuance of the search warrant.

In their brief and at oral argument defendants have maintained, *inter alia*, that only the "titled" affidavit (Appendix B) may be considered by this Court in reviewing the magistrate's finding of probable cause. Standing alone, they say such affidavit does not and cannot satisfy the minimum requirements for probable cause contemplated by our decisional law, State v.

Appleton, supra, State v. Benoski, Me., 281 A.2d 128 (1971), State v. Cadigan, Me., 249 A.2d 750 (1969), State v. Hawkins, Me., 261 A.2d 255 (1970).

In so arguing, defendants rely chiefly upon our holding in State v. Hollander, Me., 289 A.2d 419 (1972).

As in the instant case, *Hollander* involved a "supplemental" affidavit reciting facts not contained in another separate affidavit executed the same day.

By defendants' analysis, there has been no "incorporation by reference" here of the supplemental affidavit as permitted in *Hollander*. The magistrate in *Hollander*, in referring in the warrant to the *two* affidavits, stated: ". . . both of which are attached to the original thereof."

The defendants argue the supplemental affidavit may not be considered.

They say the titled affidavit is purely conclusory and the warrant is therefore defective and invalid.

■ On the narrow question of the sufficiency of the titled affidavit standing alone, we agree with defendants.

As we said in State v. Appleton, supra,

". . . the central question facing the magistrate when asked to issue a search warrant in the instant case was, whether from all the factual circumstances disclosed in the affidavit and all the reasonable inferences flowing from them he was satisfied that the affiant had reasonable grounds at the time of his affidavit and the issuance of the warrant for the belief that the criminal law, . . . was being violated on the premises to be searched, and if the apparent facts set out in the affidavit were such that a reasonably discreet and prudent person would be led to believe that there was a commission of the crime . . . then there was probable cause justifying the issuance of the search warrant." 297 A.2d 363, 368.

The titled "Affidavit and Request for Search Warrant," when read separately from the supplemental affidavit, is utterly devoid of facts or circumstances which would supply probable cause for issuance of the warrant.[3]

It remains to be examined, then, whether or not the untitled supplemental affidavit was "incorporated" into the warrant, along with the titled affidavit, such that we may look to it on review in measuring "from foresight, not hindsight," State v. Hawkins, supra, 261 A.2d 255, 261, whether or not the magistrate correctly found probable cause.

Prior to addressing this point in terms of the facts presented here, we must state our rejection of the notion that it is either possible or useful for this Court to attempt to develop a fixed criterion to be applied as a "litmus paper" in determining whether on any given set of facts an affidavit, or otherwise denominated supporting document, has been sufficiently "incorporated" into a warrant.

We did not intend in *Hollander*, to suggest any *particular* means of physical attachment necessary to show incorporation or any *particular* words in the warrant to demonstrate that the alleged supporting document had been incorporated.

■ Rather, we pointed out and now re-emphasize, that the requirement that the grounds of probable cause be stated on the warrant (and hence, that any substitute for this statement, *e. g.*, an affidavit, be properly incorporated) is intended *"to provide a reviewing court with a complete record,"* [4] of all the material on which the magistrate relied for his finding of probable cause.

In *Hollander*, we found it sufficient, on the facts there presented, that there had been "(C)lear reference to an attached affidavit . . . ." *Ibid.*, p. 421.

■ We now hold that what amounts to satisfactory incorporation must be determined on a case-by-case basis, under the general guiding objective of providing the reviewing court with a record comprising all of the documents legitimately evaluated by the magistrate or other judicial officer issuing the challenged warrant.

■ With respect to the instant case, we cannot say there was sufficient incorporation of the untitled "supplemental" affidavit to assure us that it was actually presented to the magistrate at the time he made his determination of probable cause for issuance of the warrant, or that it constituted the factual foundation for this determination.

First, the warrant refers only to a single affidavit.

More significantly, there is no factual material in the warrant which conclusively points to the "supplemental" affidavit as its source. For example, in referring to the property allegedly concealed in defendants' premises, the warrant contains the words "hypodermic syringes, cocaine and marijuana." These words also appear, in the same order, on the deficient, titled affidavit, and while the supplemental affidavit does allege that syringes and cocaine were in defendants' apartment, there is absolutely no mention of marijuana therein, other than with reference to prior, unrelated acts of the informant.

The State suggests that the mention of marijuana in the warrant is mere surplusage.

While that may be so, the reference may also be read as an indication that *possibly* the magistrate had before him *only* the inadequate, titled affidavit when he issued the warrant.

■ It is also the State's contention that the titled affidavit is so devoid of facts

---

3. The State has conceded that the "Affidavit and Request for Search Warrant" is insufficient on its face to support the warrant.

4. State v. Hollander, Me., 289 A.2d 419, 421.

necessary to establish probable cause to search, that the magistrate *must* have employed the supplemental affidavit at the time, or he would not have issued the warrant.

However reasonable this theory may be, we cannot adopt it. To *assume* that the magistrate would not have issued the warrant solely on the basis of the titled affidavit would be to nullify any efficacy appellate review of the magistrate's judgment might have.

We are fully aware of the stricture that

". . . the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the [United States Supreme] Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, . . . must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965).

Yet the requirement that ". . . no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized," [5] is not to be lightly regarded.

■ We consider that this mandate has not been satisfied here where it is not established that the magistrate had sufficient basis to determine the existence of probable cause.

We are satisfied that the motion to suppress should have been granted. We need not consider other objections to the warrant and affidavit(s) raised by defendants.

The entry must be,

Appeal sustained.

Case remanded to the Superior Court for further proceedings not inconsistent with this opinion.

DELAHANTY, J., did not sit.

## APPENDIX A

### STATE OF MAINE

ANDROSCOGGIN, ss.

DISTRICT COURT
District Eight
Division of So. Androscoggin

### SEARCH WARRANT

To the Sheriff of Androscoggin County, or any of his deputies or any other authorized officer:

Affidavit having been made before me by Detective Roy Perham, Jr. that he has reason to believe that on the premises known as the apartment occupied by Irene Stone and George William Stone and the adjoining shed on the fourth story of the building located at 99 Ash Street, in the City of Lewiston County of Androscoggin and State of Maine, said premises being occupied by George William Stone and Irene Stone.

there is now being concealed certain ~~person~~/property, to wit; hypodermic syringes, cocaine and marijuana.

As I am satisfied that there is probable cause to believe that the property/~~person~~ so described and used is being concealed on the premises above described, upon the following grounds: an affidavit of Detective Roy Perham, Jr. of the Lewiston Police Department.

---

5. United States Constitution, Amendment IV.

You are hereby commanded to search the place named for the ~~person~~/property specified, serving this warrant and making the search ~~in the daytime~~ and if the ~~person~~/property be found there to seize it, prepare a written inventory of the ~~person seized~~/property seized, and bring the ~~person~~/property and the person in whose possession or custody the same was found before a District Judge.

Being satisfied that the complainant is positive that the ~~person~~/property is in the place to be searched and that it is necessary to prevent the removal of said ~~person~~/property you are hereby authorized to search the place named in the nighttime.

DATED, this third day of September, 1972. (12:05 A.M.)

s/ Robert L. Couturier
~~District Judge~~
Complaint Justice

## APPENDIX B

### STATE OF MAINE

ANDROSCOGGIN, ss.
DISTRICT COURT
District Eight
Division of So. Androscoggin

### AFFIDAVIT AND REQUEST FOR SEARCH WARRANT

To Robert L. Couturier, Complaint Justice, of the District Court to be holden at Lewiston in the County of Androscoggin, and State of Maine.

Roy Perham Jr. a duly sworn police officer of the City of Lewiston, in the County of Androscoggin in said State of Maine, on oath complains that he has probable cause to believe and does believe that on the premises known as the apartment occupied by George William Stone and Irene Stone and the appurtenant shed located at 99 Ash Street, in the City/~~Town~~ of Lewiston County of Androscoggin in said State, said premises being occupied by the said George William Stone and Irene Stone on the fourth floor of said building

There is now being concealed certain person/property, to wit; hypodermic syringes, cocaine and marijuana.

That said ~~person~~/property (state reason for seizure) is contraband under the laws of Maine.

WHEREFORE, the said Roy Perham, Jr. prays that a warrant may issue authorizing a search ~~in the daytime~~ of the above described premises, for said ~~person~~/property; and that if said ~~person~~/property, or any part of the same be there found, the said George William Stone and Irene Stone, or the person having said ~~person~~/property in his custody or possession, may be arrested and held for examination as the law directs.

The said Roy Perham, Jr. on oath further states that he is positive that the ~~person~~/property is in the place to be searched and it is necessary to prevent the removal of said ~~person~~/property, that a warrant issue authorizing a search in the nighttime of the above described premises.

Dated at Lewiston, Maine, this third day of September, 1972.

s/ Roy Perham Jr.

Subscribed and sworn to by the said Roy Perham, Jr. this third day of September, 1972, before me

s/ Robert L. Couturier

~~District Judge~~
Complaint Justice

## APPENDIX C

ANDROSCOGGIN, SS:
September 3, 1972

ROY PERHAM, JR., being duly sworn, deposes and says:

1) I am a detective with the Lewiston Police Department working with the Narcotics Division of said Department and a duly sworn police officer;

**320**

2) On five (5) previous occasions, a certain person (herein after called the "Informer") acting under my direction and pursuant to my instructions, has purchased certain substances from certain individuals; the Informer alleged that these substances were cannabis (marijuana), methamphetamine, cocaine and other drugs; each time the said substances were analyzed in a laboratory by competent individuals, and the allegations of the Informer proved correct in that the substances were indeed as alleged by the Informer; since all previous information (as stated above) furnished by this Informer has proven to be correct and accurate, said Informer is considered by me to be reliable;

3) On September 2, 1972, said Informer, acting pursuant to my instructions and under my direction, obtained from a person known to the informer to be Irene Stone certain substance which the Informer delivered to me without delay; said Informer obtained said substance from the apartment occupied by said Irene Stone and one George William Stone on the fourth (4th) floor of the building located at No. 99 Ash Street in the City of Lewiston (Androscoggin County), Maine, and at the time of obtaining said substance, the Informer saw certain syringes in the kitchen cupboard of said apartment;

4) That to the best of my knowledge, said George William Stone and/or Irene Stone are not persons authorized by law to possess said syringes;

5) That I performed an analysis of the substance mentioned in Paragraph 3 above upon its being delivered to me by the said Informer; that said analysis of the substance showed it to be cocaine as had° previously been alleged to me previously by the Informer; that I performed said analysis or test on the said substance with a Narcotics Test Kit which I was trained to use at the Bureau of Narcotics and Dangerous drugs.

s/ Roy Perham, Jr.
Roy Perham, Jr., Detective
Lewiston Police Department

Sworn and subscribed before me by the said Roy Perham, Jr., this third day of September, 1972.

s/ Robert L. Couturier
Complaint Justice