STATE of Maine

v.

Lawrence M. GAMAGE.

Supreme Judicial Court of Maine.

June 11, 1975.

Galen P. LaGassey, County Atty., Rockland, for plaintiff.

Richardson, Hildreth, Tyler & Troubh by William B. Troubh, Robert E. Noonan, Ronald D. Russell, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

Evidence seized under a search warrant was instrumental in securing defendant's conviction for possession of marijuana. Defendant's appeal attacks the validity of the search warrant and asserts that the Superior Court erred in denying defendant's motion to suppress the evidence procured by the search.

The search warrant issued upon a law officer's affidavit sworn to before a Complaint Justice (magistrate) of Knox County. Since the physical character of the documents submitted in support of the search warrant is an important aspect of this appeal, we will describe these documents as accurately as we can by setting them out in the pages that follow. Defendant's appeal assigns the following errors to the magistrate:

1) failure to state on the warrant specific grounds for probable cause;

2) failure to attach the affidavit to the warrant;

3) failure to incorporate the supporting affidavit by specific reference in the warrant; and

4) reliance on grounds for probable cause which were not supported by the affidavit.

Because this appeal presents numerous questions concerning the technical requirements for the issuance of valid search warrants, and entails an exacting scrutiny of recent decisions of this Court, we have revised the format of defendant's appeal and, mindful of the points of appeal properly before us, have organized our opinion in the following manner:

1) whether the documents before the Complaint Justice comprised one or two affidavits;

2) whether these documents were adequately incorporated to the search warrant itself so as to satisfy the requirements of Me.R.Crim.P. 41(c); and

3) if adequately incorporated, whether these documents were sufficient for probable cause.

Upon considering these questions, we hold that the legal issues raised by defendant do not suffice to void the warrant or to show error in the denial of defendant's motion to suppress; therefore we deny the appeal.

## I. The Documents before the Complaint Justice

The record presents the following materials as the documentary basis for the magistrate's finding of probable cause, upon which the warrant was issued.

STATE OF MAINE

Knox, ss. DISTRICT COURT
DISTRICT ....six....
DIVISION OF...Knox...

## AFFIDAVIT AND REQUEST FOR SEARCH WARRANT

To Wayne R. Crandall, Complaint Justice, of the District Court to be holden at Rockland in the County of Knox, and State of Maine.

Louis A. Lewis a police officer of Rockland, in the County of Knox in said State of Maine, on oath complains that he has probable cause to believe and does believe that on the premises known as Room 27, 3rd Floor, Wayfarer Hotel located at Union and Park Street, in the City of Rockland, County of Knox in said State, said premises being owned/occupied by Larry Gamage and/or Tim Carey

There is now being concealed certain property, to wit;
marijuana
that said property (state reason for seizure) is contraband. This request is also based upon the information in the sworn statement attached.

WHEREFORE, the said Louis A. Lewis prays that a warrant may issue authorizing a search of the above described premises, for said property; and that if said property, or any part of the same be there found, the said Larry Gamage and/or Tim Carey, or the person having said property in his custody or possession, may be arrested and held for examination as the law directs.

The said Louis A. Lewis on oath further states that he is positive that the property is in the place to be searched and it is necessary to prevent the removal of said property, that a warrant issue authorizing a search in the nighttime of the above described premises.

Dated at Rockland, this Twenty-First day of November, 1972.

Louis A. Lewis
s/ .................

Subscribed and sworn to by the said Louis A. Lewis this 21st day of November, 1972, before me

Wayne R. Crandall
s/ .................
District Judge
Complaint Justice

(Affidavit)

I, Louis A. Lewis, a police officer of the City of Rockland, being first duly sworn, hereby depose and state that on November 21, 1972 I was in room 26 of the Wayfarer Hotel on the third floor. I observed a subject approach room 27 in said hotel and knock on the door. When the door opened the subject asked the occupant of said room if he would sell the subject "stuff". The occupant of said room 27 left the hotel and I observed him walking into the Tourist House next door known as the Smith House at 39 Park St. Said occupant known to me as Tim Carey, told the subject that he had to leave to get some marijuana next door.

Said Carey returned within 5 minutes, observed by and went into room 27 with the subject. Carey stated as they passed my door that he couldn't wake the person next door and didn't get anything there.

The subject returned from said room 27 within 5 minutes and I took from said subject a marijuana cigarette which the subject stated was obtained from Tim Carey.

The subject further stated that Tim Carey had in his possession a quantity of marijuana in a manila envelope in said room.

I believe the subject who stated the above facts to be reliable because I have known the subject for approximately one year personally.

The subject has no police record and has a healthy family background. The subject

is employed in a position of responsibility handling large sums of money. The subject's employers have told me that they regard the subject as trustworthy.

s/ Louis Lewis

November 21, 1972

Subscribed & Sworn to

Before me

s/ Wayne R. Crandall

As the above documents appear in the record before us, the former is titled "Affidavit and Request for Search Warrant." Henceforth we will refer to it as the "A & R form." By its language it purports to be an application for a search warrant. The second document reproduced above appears in the guise of an untitled statement with a jurat corresponding in time and dignity to the jurat of the A & R form. This untitled statement has received from us the heading "(Affidavit)", and we shall refer to it as "the supporting affidavit." [1]

We must determine whether the above documents satisfy the requirement of Me. R.Crim.P. 41(c) that "[a] warrant shall issue only on an affidavit sworn to before a person authorized by this rule to issue warrants." [2] The initial question is whether the two documents, the A & R form and the supporting affidavit, are in such a condition as to be deemed "an affidavit" in satisfaction of Rule 41(c).

Our early cases in the law of search and seizure disclose that in former days, the A & R form was often the sole document used by law officers in applying for a search warrant. See, e. g., State v. Cadigan, Me., 249 A.2d 750, 754–55 (1969). However, the A & R form, even though purporting to be an affidavit, was so skeletal in its design and typographic layout as to leave little room for the elaboration of the grounds of probable cause, which is an essential requirement for the issuance of a warrant under Rule 41(c). See note 2 supra. Thus the A & R form often amounted to little more than an accusatory and conclusory recital, insufficient to establish probable cause. See *Cadigan*, supra, 249 A.2d at 754; State v. Benoski, Me., 281 A.2d 128, 130 (1971); State v. Stone, Me., 322 A.2d 314, 319 (1974). Accordingly, law officers sought to buttress the A & R form with more detailed affidavits, submitted in conjunction with the A & R form. These supporting affidavits were then appraised by the courts, either with or without reference to the A & R form, and were judged either sufficient or insufficient for probable cause, according to the circumstances of the case and the requirements of the Constitution. See State v. Hawkins, Me., 261 A.2d 255, 260–63 (1970); *Benoski*, supra, 281 A.2d at 129–30, 132–33; State v. Appleton, Me., 297 A. 2d 363, 366, 368–69 (1972).

Only on two occasions has this Court addressed the issues involved in the physical

---

1. We note that in State v. Stone, Me., 322 A.2d 314, 315, 318–19 (1974), documents exactly the same in form as those above, e. g., an A & R form and an untitled statement, were referred to respectively by us as a titled affidavit, and an untitled or supplement affidavit. *Stone* regarded the two documents as two separate and distinct affidavits. As we shall explain in the context of this case, we do not adhere to such a view of the record before us. In *Stone*, as in the instant case, the A & R form was bare and conclusory in its tenor, while the untitled affidavit was considerably more detailed.

2. Rule 41(c), in pertinent part, reads more fully: "A warrant shall issue only on an affidavit sworn to before a person authorized by this rule to issue warrants specifically designating the place to be searched, the owner or occupant thereof, if known to the affiant, and the person or thing to be searched for, and establishing the grounds for issuing the warrant. If the judge or complaint justice is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched . . . . It shall state the grounds of probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof . . . ."

and temporal association between the A & R form and any supporting affidavits. In *Benoski,* supra, we stated in dictum that the two affidavits, one an A & R form and the other a separate supporting affidavit, would be treated as simultaneous and read together as one affidavit. 281 A.2d at 129. The *Benoski* court was troubled by the presence of a jurat on the A & R form, while the supporting affidavit bore no jurat. But the *Benoski* court, with the advantage of having the affiant's testimony as part of the record on appeal, was satisfied that the affiant took oath to both affidavits simultaneously and that the magistrate intended the single jurat to apply to both affidavits. Therefore *Benoski* treated the two-part affidavit as a single supporting document. Id. However, in *Stone,* supra, there were no inferences obtainable by reason of the affiant's testimony. This Court, reading the documents on their face, concluded that the A & R form and the supporting affidavit were separate affidavits. 322 A.2d at 315–16. Since both affidavits in *Stone* were necessary to establish probable cause, ultimately both were required to be specifically incorporated to the search warrant issued. Neither the *Benoski* nor *Stone* opinions discussed, as such, whether the supporting affidavit was physically attached to, and incorporated by reference in, the A & R form.[3]

The A & R form in the instant case states: "This request is also based upon the information in the sworn statement attached." This statement, with its recital of attachment, marks a substantial distinction between the instant A & R form and those in *Benoski* and *Stone.*[4] In addition to the language of attachment, the face of the A & R form also contains words of incorporation that clearly refer to an additional document, namely the sworn statement attached. This incorporation by reference is consistent, and suffers from no ambiguity, as it is a reference to the sworn statement attached, and there is only one affidavit which purports to be attached to the A & R form. Such an incorporation as this, by clear reference and physical attachment, satisfies the standards for the incorporation of documents. See State v. Hollander, Me., 289 A.2d 419, 421 (1972); cf. State v. Talbot, 160 Me. 103, 109–11, 198 A.2d 163, 167 (1964). Since the object of the proceedings before the magistrate is to establish probable cause to justify issuance of a search warrant, law enforcement officers should not be hindered in their efforts to describe the basis for probable cause in supporting affidavits. So long as these affidavits are satisfactorily incorporated to all related documents necessary to the application for the warrant, and are satisfactorily incorporated to the warrant, as will be discussed below, the reviewing court will be assured of the simultaneous presence of these documents before the magistrate, and the search may be subjected to authoritative judicial review. See *Stone,* supra, 322 A.2d at 317. We hold that where Rule 41(c) states that "[a] warrant shall issue only on an affidavit . . .", the Rule does not preclude

---

3. Of course it may readily be inferred that the two documents were physically separate in *Benoski* and *Stone,* else the Court would not have tarried on the issue.

4. We have not examined the instant documents in specie, and we hasten to point out the limitations inherent in the documents as reproduced in the record on appeal. The documents simply are photostated, filed as 8½″ sheets of paper, and stapled together on the spine in booklet form. It is utterly impossible for us to discern by visual examination whether any of the documents, or particularly and A & R form and the supporting affidavit, were physically attached in their original form. Under these circumstances, unless we are to venture outside the designated record, we feel the only course consistent with the integrity of language is to credit the various recitals as they appear on the face of the documents, inasmuch as none of the recitals is challenged as to veracity. Thus, now and hereafter, we construe a recital of attachment in the documents before us as tantamount to the fact of physical attachment, according to the reference and language of the documents themselves.

the use of additional, attached affidavits in support of the application for a warrant. People v. Close, 60 Ill.App.2d 477, 208 N. E.2d 644, 646–47 (1965); see United States v. One Olivetti Electric 10–Key Adding Machine, 406 F.2d 1167, 1168 (5th Cir. 1969).[5]

## II. Incorporation of the Affidavit to the Warrant

To determine the validity of the warrant challenged on this appeal, we must have recourse to the document itself, and it is herein reproduced:

> To the Sheriff of Knox County, or any of his deputies or any other authorized officer:
>
> Affidavit having been made before me by Louis A. Lewis that he had reason to believe that on the premises known as Room 27 of the Wayfarer Hotel, Third Floor located at Park and Union Street, in the City of Rockland, County of Knox and State of Maine, said premises being occupied by Larry Gamage.
>
> there is now being concealed certain property, to wit;
>
> marijuana, the possession of which is illegal
>
> As I am satisfied that there is probable cause to believe that the property/person so described and used is being concealed on the premises above described, upon the following grounds: The affiant has been informed by a person whom I deem to be reliable that marijuana is located in said room and he has personal knowledge of the occupant that said occupant is a user of marijuana and has frequented places where marijuana has been kept.

> You are hereby commanded to search the place named for the property specified, serving this warrant and making the search and if the property be found there to seize—it, prepare a written inventory of the property seized, and bring the property and the person in whose possession or custody the same was found before a District Judge.
>
> * Being satisfied that the complainant is positive that the property is in the place to be searched and that it is necessary to prevent the removal of said person/property you are hereby authorized to search the place named in the nighttime.
>
> DATED, this 21st day of November 1972.
>
> /s/ Wayne R. Crandall
>
> . . . . .
>
> District Judge—Complaint Justice

Having held that the A & R form and the supporting affidavit are adequately incorporated and may be read conjointly as a single affidavit in satisfaction of a certain portion of Rule 41(c), we must now consider whether the above warrant satisfies a different provision of that Rule, namely, that the warrant "shall state the grounds of probable cause for its issuance."

 We note that one paragraph of the above warrant endeavors to state the grounds of probable cause on which the warrant issued. A statement of factual matter, whether conclusory or detailed, on the face of the warrant cannot serve to establish the probable cause that is prerequisite to issuance of the warrant. Rule 41(c) requires that the affidavit establish the grounds for probable cause. See note 2 supra. This Court has consistently held that the affidavit must contain all the in-

---

5. *One Olivetti*, supra, is cited to us by defendant as an instance where the affidavit was physically attached to the warrant. In fact, the case details the procedure by which a law officer's affidavit, in application for a warrant, incorporated a separate unsworn statement by reference and attachment. The affidavit was held a valid incorporation of the unsworn statement, sufficient for probable cause. There is no statement that the affidavit was attached to the warrant. The warrant, issued pursuant to the affidavit, was held good.

formation on which the magistrate's judgment is based as to the existence of probable cause, and that all search warrants must be tested for legal vitality solely from the affidavits themselves or the sworn testimony reduced to writing. *Hawkins,* supra, 261 A.2d at 259; *Cadigan,* supra, 249 A.2d at 759. The warrant must stand or fall solely on the contents of the affidavit. *Appleton,* supra, 297 A.2d at 367. Since the above search warrant, and the other search warrants reproduced in the text of our earlier decisions, contain no jurat, *Cadigan,* supra, 249 A.2d at 755; *Benoski,* supra, 281 A.2d at 130–31; *Stone,* supra, 322 A.2d at 318–19, any factual matter recited on the face of the warrant is unsworn and cannot contribute to establishing probable cause under Rule 41(c). Apart from the affidavit, language on the face of the warrant can have no independent legal significance in establishing the substance of probable cause.

In State v. Hollander, supra, this Court held that Rule 41(c) did not require the grounds for probable cause to be stated on the face of the warrant where clear reference to an attached affidavit, sufficient for probable cause, appeared on the face of the warrant. 289 A.2d at 421. In *Hollander,* an A & R form and a supporting affidavit were signed and sworn to by the same affiant on the same date. There was no mention whether the two documents were attached to each other, but the *Hollander* court chose to regard them as separate affidavits. The warrant enumerated the A & R form and the supporting affidavit as affidavits number 1 and 2; the warrant then recited, as grounds for probable cause, that "both" affidavits "are attached to the original hereof."[6] *Hollander* reasoned that the main purpose for requiring the grounds of probable cause to appear on the face of the warrant was to provide a reviewing court with a complete record, and that clear reference to an attached affidavit setting forth a basis of probable cause served the same purpose, and thereby satisfied Rule 41(c). Id. On the facts in *Hollander,* there was no need to state the grounds of probable cause on the face of the warrant because the warrant became complete when the attached affidavits were considered a part of it. Id.[7]

Since the ostensible grounds of probable cause stated on the face of the warrant before us are insufficient to establish probable cause apart from the supporting affidavit, the question to be decided is whether any probable cause established by the A & R form and the supporting affidavit, considered incorporated as one affidavit, is supplied to the warrant to meet the requirement that the warrant "state the grounds of probable cause." The Superior Court in its ruling made the helpful statement that the affidavit was not attached to the warrant. Tested by the standards of *Hollander,* there is no adequate incorporation of the supporting documents to the warrant before us. The instant warrant contains language referring to a supporting affidavit, and to an affiant, but the face of the warrant makes no clear reference to an attached affidavit, and physical attachment

6. The *Hollander* opinion neither demonstrates, nor states, explicitly, that the affidavits in that case were physically attached to the warrant. Our reading of *Hollander* simply credits the recital of "attached" in the warrant as bespeaking the fact of physical attachment. See note 4 supra.

7. For these reasons, among others, Fed.R. Crim.P. 41(c) was amended in 1972 to eliminate the requirement that the warrant itself state the grounds of probable cause pertaining to its issuance. The Committee Note to the amendment stated that the requirement was "unnecessary paper work" and that "a person who wishes to challenge the validity of a search warrant has access to the affidavits upon which the warrant was issued." 1972 Committee Note to Rule 41, quoted in 8A J. Moore, Federal Practice, para. 41.01[3], at 41–8 (2d ed. 1974). Under a Rule 41(c) substantially identical to that of Maine, federal courts have held that where the affidavit is adequately incorporated into the warrant, there is no requirement that the facts material to probable cause be recited again on the face of the warrant. See, e. g., United States v. Rael, 467 F.2d 333, 335 (10th Cir. 1972), cert. denied, 410 U.S. 956, 93 S.Ct. 1429, 35 L.Ed.2d 690 (1973).

is a requisite of satisfactory incorporation under *Hollander*. 289 A.2d at 421.

In State v. Stone, supra, this Court reviewed the validity of a search based on documents exactly the same in form as those of the instant case. The A & R form in *Stone* was concededly insufficient to establish probable cause. The untitled, supporting affidavit (termed a "supplemental affidavit" in *Stone*), though containing considerable detail, was considered a separate document from the A & R form. The *Stone* court viewed the record as three separate documents: the A & R form, the supporting affidavit, and the search warrant. Though none of these documents was physically attached to any other and though none of them contained language reciting attachment, the *Stone* court did not rule the search warrant invalid on the authority of *Hollander,* as not supplying probable cause by clear reference to an attached affidavit. Rather, *Hollander* was construed as "not intended to suggest any *particular* means of physical attachment necessary to show incorporation or any *particular* words in the warrant to demonstrate that the alleged supporting document had been incorporated." 322 A. 2d at 317 (emphasis in original). *Stone* held that satisfactory incorporation of supporting documents to the warrant would be determined on a case-by-case basis, with the general guiding objective of providing the reviewing court with a record comprising all of the documents legitimately evaluated by the judicial officer issuing the challenged warrant. Id. Pursuant to the case-by-case test for satisfactory incorporation, *Stone* examined the documents before it to discover whether the detailed supporting affidavit was actually presented to the magistrate at the time he made his determination of probable cause for issuance of the warrant. We wish to empha-

size, as particularly germane to the instant case, that the holding, policy, and method of *Stone* plainly imply that the separate supporting documents might have been satisfactorily incorporated to the warrant even though they were not physically attached to the warrant itself. Thus, *Stone* enlarged upon *Hollander* by embracing the possibility that supporting documents might be satisfactorily incorporated to a search warrant despite the warrant's lacking "clear reference to an attached affidavit."

However, after extensive comparison of the language on the face of the warrant with the language of the two separate supporting affidavits, *Stone* concluded that the affidavits were not satisfactorily incorporated to the warrant. First, language on the face of the warrant in *Stone* referred only to one affidavit, while in the Court's view there were two separate affidavits submitted in application for the warrant. Thus the reference on the warrant to the supporting documents was inconsistent and ambiguous. 322 A.2d at 317.[8] Secondly, and more significantly, there was no factual material in the warrant in *Stone* which conclusively pointed to the detailed supporting affidavit as its source. Though some language on the warrant seemed to refer to the supporting affidavit, the recitation on the warrant was completely congruent with language appearing on the concededly deficient A & R form. The *Stone* court regarded this congruence as indicating that possibly the magistrate had before him only the inadequate A & R form when he issued the warrant. 322 A. 2d at 317. Since no other language on the warrant conclusively pointed to the detailed supporting affidavit, there was no basis for *Stone* to conclude that the supporting affidavit had been presented to the magistrate at the time he made his determination of probable cause for issuing the

8. By comparison, the warrant sustained in *Hollander* recited that "both" of the supporting affidavits were attached to the warrant. Since *Hollander*, like *Stone*, viewed the A & R form and the supporting affidavit as separate affidavits, the use of the word "both" on the warrant was a consistent reference, embracing two supporting documents. Of course, the final holding in *Hollander* looked to physical attachment of the supporting affidavits in addition to clear reference to them. 289 A.2d 420-21.

warrant. Probable cause not being supplied to it, the warrant in *Stone* was void under Rule 41(c).

■ But on the face of the documents before us in the instant case, we hold that there is adequate incorporation of the supporting documents to the warrant. We are satisfied that under the general guiding objectives stated in *Stone,* the instant supporting documents were actually presented to the magistrate at the time he made his determination of probable cause for issuance of the warrant, and that we as a reviewing court are evaluating the same documentary record that was before the magistrate when he weighed probable cause to issue the warrant. *Stone*, supra, 322 A.2d at 317. Under the tests applied in *Stone,* we note first that the language on the instant warrant refers to one affidavit and one affiant. This is a consistent reference to the A & R form and the supporting affidavit, since these latter are incorporated 'to each other by reference and attachment and so comprise one consolidated affidavit. With regard to the more significant second test in *Stone,* we read factual material on the face of the instant warrant as conclusively pointing to adequately incorporated and legally sufficient supporting documents.[9] Unlike *Stone*, we have no occasion to be concerned that language on the instant warrant deviates from a detailed affidavit and points to a separate deficient affidavit.

The salient factual material which incorporates the affidavit is to be found in that portion of the instant warrant which purports to state the grounds of probable cause:

The affiant has been informed by a person whom I deem to be reliable that marijuana is located in said room and he has personal knowledge of the occupant that said occupant is a user of marijuana and has frequented places where marijuana has been kept.

We think the above factual material conclusively points to the supporting affidavit before us as its source. The warrant states that the affiant received his information from a reliable person, and the affidavit supports this fact. The warrant states that marijuana is located in said room, and the affidavit supports this fact. The warrant states that the affiant had personal knowledge of the occupant, and since the affidavit relates that the affiant saw the occupant come and go, and heard the occupant's conversation with the informant, we may conclude that the affiant indeed had personal knowledge of the occupant.[10]

■ It is true that the affidavit provides no information directly supporting the warrant's statement that the affiant has personal knowledge that the occupant is a user of marijuana or that the occupant has frequented places where marijuana has been kept. Information bearing on the occupant's use of marijuana is not apparent in the affidavit. In its order denying defendant's motion to suppress, the Superior Court stated that "[t]he warrant reflects on its face that the magistrate personally relied upon information furnished outside the affidavit and presumably not under oath." The Superior Court did not explain its remark by specifying which language on the face of the warrant was furnished

9. At this point we may assume that the supporting documents, as incorporated, are sufficient to establish probable cause for issuing a search warrant. We discuss this issue fully in Part III of the opinion.

10. Our free and easy use of the affidavit is only for the purpose of showing that, under *Stone*, factual material on the face of the warrant conclusively points to the affidavit

as its source. Thus, we use the affidavit only for its factual content insofar as that content incorporates the affidavit to the warrant. The sufficiency of the affidavit for probable cause and the credibility that attaches to an informer's report are to be judged in Part III by standards more rigorous than mere congruence with factual matter on the face of the warrant.

outside the affidavit, or in what way the magistrate may have personally relied on this information. Suffice it to say that the Superior Court was not persuaded that the unsupported language should void the warrant or prevent any probable cause in the affidavit from being supplied to the warrant. In the Superior Court's view, if the magistrate erred by including on the warrant superfluous language unsupported by the affidavit, it was but harmless error. We concur with this view.

■ Even supposing that the Superior Court had meant to condemn such a word as "user" as ostensibly incongruous with the language of the affidavit, we could not agree that such would be a substantial objection. Given the detail and sufficiency of the affidavit before the magistrate, there appears on the warrant sufficient factual material which conclusively points to the supporting affidavit as its source. In *Stone*, we held there was *no* factual material which conclusively pointed to a sufficient affidavit as its source. See 322 A. 2d at 317. Rather, in *Stone* the factual material, purporting to describe the property sought, exactly replicated the language of the insufficient, conclusory A & R form. Here, the warrant recites three basic, material facts which conclusively point to the supporting affidavit as the source: (1) that the affiant has received information from a reliable person; (2) that the affiant has been informed that marijuana is located in said room; and (3) that the affiant has personal knowledge of the occupant. We have previously explained the coherency of this factual material as it derives from its source in the affidavit. We now hold that this factual material is ample to point conclusively to the sufficient affidavit as its source, and so satisfies the requirements of *Stone*. Other language

appearing on the face of the warrant, that the occupant was a "user of marijuana" and "has frequented places where marijuana has been kept," may be disregarded as surplusage, not necessary to adequately incorporate the affidavit to the warrant. If the surplus language were expunged from the warrant before us, the efficacy of the warrant would be unaffected. We think the presence of this language is an immaterial variance from the language of a completely satisfactory affidavit, which is otherwise adequately incorporated to the warrant. To this extent we accept the view of the Superior Court that if it was error to include the unsupported language, it was only harmless error. The defendant has neither alleged nor shown harm resulting from the variance. On these facts, we will not hold the warrant invalid. See United States v. McKenzie, 446 F.2d 949, 954 (6th Cir. 1971); State v. Johnson, 102 R.I. 344, 230 A.2d 831, 833–34 (1967).

■ Moreover, there is no intrinsic defect in a warrant which restates language of the affidavit in more general terms, even if the restatement slightly varies the strict facts of the affidavit.[11] See People v. Benson, 176 Colo. 421, 490 P.2d 1287, 1288 (1971); cf. State v. Monteith, 4 Or.App. 90, 477 P.2d 224, 226–27 (1970). Our concern is that the language expressed on the face of the warrant still conclusively points to the supporting affidavit as its source, and thus incorporates the affidavit. In our judgment, the description of the occupant as a user of marijuana does not attenuate the linkage of the warrant to the affidavit. At most, "user" is a superfluity that neither advances nor precludes incorporation. In the instant case we do not have the glaring flaw of *Stone* where language on the face of the warrant pointed to a deficient affidavit and varied from a

11. In the *Benson* case, immediately cited above, the affidavit recited that a person observed marijuana seeds scattered about the floor of certain premises and overheard an occupant discussing the sale of LSD. The warrant issued pursuant to the affidavit authorized a search for "a quantity of narcotic drugs." The court held that the language on the face of the warrant was permissible as merely a general description of the object of the search. 490 P.2d at 1288.

separate, detailed affidavit. Rather, in the instant case we think there is adequate incorporation within the letter and spirit of *Stone*: 1) there is consistent verbal reference on the face of the warrant to an affidavit sworn to before the magistrate; and 2) there is substantial factual material on the face of the warrant which conclusively points to the proposed supporting affidavit. On the record before us, as we have discussed it, we are satisfied that the supporting documents necessary to establish probable cause were simultaneously before the magistrate at the time of his determination of probable cause for the warrant to issue. This is a basic tenet of the law of search and seizure and the guiding principle in the effort to rule on satisfactory incorporation. We hold that by adequate incorporation of the necessary supporting affidavits, the instant warrant states the grounds of probable cause for its issuance and so, in that respect, satisfies Rule 41(c).

 We are mindful that in the instant case we have ruled affidavits adequately incorporated to a warrant even though the affidavits were not physically attached to the warrant. We have emphasized that in the documents before us, the A & R form referred to a sworn statement attached; consequently there was but one unitary affidavit to which the warrant referred. Though we have sustained the instant warrant as properly issued, we are constrained to urge, in frank and avowed dicta, that physical attachment should be the preferred mode of incorporating supporting documents to a warrant. In addition to physical attachment, the warrant should make consolidated, explicit reference to the affidavits taken in support of it. See, e. g., *Hollander,* supra, 289 A.2d at 420–21. A convenient place to render the incorporation is that section of the warrant which customarily purports to state the grounds of probable cause; in that way any probable cause established in the supporting documents will be supplied

to the warrant. We note that some jurisdictions require incorporation of the supporting affidavits to the warrant by physical attachment and suitable words of reference on the face of the warrant. See Moore v. United States, 149 U.S.App.D.C. 150, 461 F.2d 1236, 1238–39 (1972) (applying District of Columbia Code); cf. Booze v. State, 291 So.2d 262, 263–64 (Fla.App.), cert. denied, 419 U.S. 997, 95 S.Ct. 312, 42 L.Ed.2d 271 (1974). The theory is that attachment makes the affidavit of probable cause immediately available to the person whose premises are entered, and explains to him at the outset the reason for the intrusion on his privacy. *Moore,* supra, 461 F.2d at 1239. Other courts have held that it is not essential that the affidavit of probable cause be attached to the warrant at the time of the search. Sherrick v. Eyman, 389 F.2d 648, 652 (9th Cir.), cert. denied, 393 U.S. 874, 89 S.Ct. 167, 21 L.Ed.2d 144 (1968); United States v. Averell, 296 F.Supp. 1004, 1014 (E.D.N.Y.1969). These courts reason that since a failure to leave a copy of a search warrant would not invalidate a search, neither should the failure to attach a supporting affidavit. *Averell,* supra, 296 F.Supp. at 1014. Maine cases tend to support the view that exhibition of the warrant, and its presentation to the occupant, are ministerial functions; failure to discharge these will not void the search. State v. Lund, Me., 266 A.2d 869, 874 (1970); State v. Martelle, Me., 252 A.2d 316, 320–21 (1969). Thus, physical attachment is no assurance that the occupant of the premises to be searched will be apprised of the reasons for the search, since various circumstances may prevent the occupant from examining the warrant or affidavit, and yet the search may still be valid. *Martelle,* supra, 252 A.2d at 320–21. Our goal on review is to ascertain as surely as we can that the necessary supporting affidavits were before the magistrate at the time he weighed probable cause and were the basis of his decision to issue the

warrant.[12] While incorporation by reference and physical attachment best serve to demonstrate the simultaneity of the affidavits with the warrant, we do not preclude finding satisfactory incorporation of separate supporting documents to the warrant on a case-by-case basis. *Stone,* supra, 322 A.2d at 317. It should be obvious, however, that it may be arduous and perilous to achieve satisfactory incorporation of separate supporting documents to the warrant, since under *Stone* factual matter on the face of the warrant must conclusively point to the sufficient, detached affidavit in order for the affidavit to be satisfactorily incorporated to the warrant.

We have not searched for technical defects in the warrant not called to the Court's attention. State v. Brochu, Me., 237 A.2d 418, 424 (1967). Only the facial adequacy of the documents before us is challenged. We have established that the affidavit is adequately incorporated to the warrant. Adequate incorporation of the affidavit to the warrant satisfies us that the affidavit was before the magistrate when the warrant issued and was the basis for the magistrate's determination of probable cause. To sustain his challenge in this case, defendant must go behind the face of the documents to adduce evidence of prejudice or harm deriving factually from irregularities in the proceedings before the magistrate. For example, at the suppression hearings defendant might have attempted to show that the magistrate would not have issued the warrant without the reference to the occupant as a "user", and that the surplusage therefore prejudiced defendant materially. Or conceivably, defendant might have tried to show that the magistrate ignored the affidavit and relied on affiant's unsworn oral advertences as the motive force in determining probable cause. If this were so, and were proven so by a preponderance of the evidence before the Superior Court, the affidavit, even a sufficient affidavit, would be a sham, and the ensuing search would be voided and its fruits suppressed. See Rooker v. Commonwealth, 508 S.W.2d 570, 570–71 (Ky.1974). But these above examples may not be preseumed or inferred from the face of the documents. The face of the documents will be examined for compliance with Rule 41(c). Once it is determined that an affidavit, properly considered, supplies probable cause to a duly executed warrant, the burden is on the defendant to prove such misconduct or irregularity as would impair the validity of the probable cause or otherwise undermine the integrity of the warrant.

A search warrant is not laboriously sculpted by a master craftsman; it is a practical document roughly hewn in the flush of criminal investigation. The presence of surplusage should not offend our judicial sensibilities, especially when a sufficient affidavit is presented to the magistrate and is duly incorporated as supplying grounds for the search warrant. The surplusage is incidental on its face. We cannot and should not infer misconduct or misfeasance from its very presence, lest we exact a standard of punctilious rectitude which even judicial opinions may not satisfy. Defendant has not substantiated harm or prejudice flowing from any deficiency in the warrant or the proceedings before the magistrate. Public policy encourages the recourse to search warrants; we should not frustrate that policy by enmeshing magistrates in a maze of technicalities where a single immaterial insertion will be fatal to the warrant. We must credit the duly executed documents before us and assume regularity of procedure, that the magistrate followed the law and did not tap external sources of information in determining the existence of probable cause. See *Appleton* supra, 297 A.2d at 370; cf. Rosencranz v. United States, 356 F.2d 310, 314 (1st Cir. 1966).

12. If the Superior Court were to state its finding, as a matter of fact, that supporting documents were physically attached to the warrant, our task on review would be much easier. See note 4 supra.

### III. Sufficiency of the Affidavit for Probable Cause

This Court has often discussed the nature of probable cause and the constitutional requirements by which affidavits are to be tested for sufficiency in order that search warrants may properly issue. See *Appleton,* supra, 297 A.2d at 365–70; *Hawkins,* supra, 261 A.2d at 257–62; *Cadigan,* supra, 249 A.2d at 754–60. Our primary concern here is whether the magistrate had a basis in the affidavit before him for a reasonable inference that the criminal laws were being violated on the premises to be searched, see *Appleton,* supra, 297 A.2d at 368, or that the proposed search was otherwise permissible under Me.R.Crim.P. 41. When allegedly criminal conduct is to be penetrated by a search, the search must be based on more than mere suspicion. The affidavit must set forth factual material which directly or by fair inference discloses a proper object for the search. By receiving a factual explanation of the circumstances underlying the proposed search, the magistrate is enabled to make an independent judgment about the existence of probable cause and is freed from uninformed reliance on an affiant's possibly conclusory allegations. Where the facts supporting probable cause derive from observations made by a law officer or are based upon a law officer's personal knowledge, the facts are presumed to be reliable and the magistrate may weigh them on their face for sufficiency. United States v. Ventresca, 380 U.S. 102, 111, 85 S.Ct. 741, 747, 13 L.Ed.2d 684, 690 (1965). But where the affidavit is based on hearsay information which is necessary or material to the determination of probable cause, the magistrate must subject the advertences in the affidavit to particular scrutiny: 1) there must be factual circumstances providing a basis for the conclusion that evidence is present or crimes are occurring in the place to be searched; and 2) there must be factual circumstances from which the officer-affiant concluded that the source of the hearsay information was credible or the information itself reliable. *Appleton,* supra, 297 A.2d at 368; Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723, 729 (1964).

As related in the affidavit before us, a law officer and a "subject" police informer collaborated in a criminal investigation. Two facts in particular establish a relationship between the premises or persons to be searched and the probability of criminal activity. First, the informant delivered to the officer a marijuana cigarette the informant had allegedly obtained from the occupant. Secondly, and more significant as indicating the continuing presence of contraband on the premises, the informant stated that the occupant "had in his possession a quantity of marijuana in a manila envelope in said room." Taken together, these two statements, if they can be credited, provide a basis for the magistrate's reasonable inference that criminal activities regarding the transfer or possession of marijuana related to the persons in question and to the premises proposed to be searched. Moreover, the affidavit details supporting facts which explain the manner in which the affiant received the information on which the affidavit was based. Thus the affidavit is not merely conclusory, but cogent and coherent for establishing probable cause.

Still, without the informant's tip there would be no probable cause set out in the affidavit before us, since the officer-affiant's personal knowledge of suggestive or suspicious goings-on would not suffice as reasonable belief of actual criminal conduct. See State v. Smith, Me., 277 A.2d 481, 487–88 (1971); *Hawkins,* supra, 261 A.2d at 263–64 (concurring opinion). That marijuana was obtainable from the occupant and was stored in ready supply within the premises are salient pieces of information attributable and only attributable to one whose conduct and anonymity mark him as a police informer. Thus, in the instant affidavit, the law officer's per-

**16**

sonal knowledge or observation does not embrace all the necessary elements of probable cause, and the informer's report must be measured against the standards of *Aguilar*, supra, as these standards have been applied by the law of Maine.

We have mentioned previously that the informant's report describes criminal conduct suitable for investigation under a search warrant. The tip contains a sufficient statement of underlying circumstances from which the informer could report, and the magistrate infer, that an illicit traffic in marijuana flowed from certain persons or premises. The informer claimed to observe criminal conduct. The informant's ability to ground his information on his own personal knowledge or observation gives the informant ample opportunity to describe his method of gathering information and to provide as many details as his method affords; this provides the magistrate a probative basis for weighing the informant's claim concerning the existence of criminal activity. See *Hawkins*, supra, 261 A.2d at 260. If the informer can accomplish these objectives, the magistrate will have some assurance that the affidavit before him bespeaks something more than a casual rumor or conclusory accusations. See Spinelli v. United States, 393 U.S. 410, 416, 89 S.Ct. 584, 589, 21 L. Ed.2d 637, 643–44 (1969).

▇▇ However, where the informer's report is necessary to establish probable cause, it is not enough that the affidavit provide the magistrate with detailed factual material concerning the existence of criminal activity, even when the report is based on the informer's personal knowledge. See State v. Mandravelis, 325 A.2d 794, 796 (N.H.1974). The affidavit must also relate the underlying circumstances from which the affiant concluded that the informer was credible or his information reliable. *Appleton*, supra, 297 A.2d at 368; *Hawkins*, supra, 261 A.2d at 259. The requirement relating to credibility or reliability is analytically severable from the re-

quirement that the affidavit set forth the circumstances underlying the informant's report; the magistrate should be provided with adequate facts to support an independent judgment whether information, however detailed, derived from an anonymous informant is credible or reliable, and not a well-embroidered fabrication. See *Spinelli,* supra, 393 U.S. at 417–18, 89 S.Ct. at 590, 21 L.Ed.2d at 644.

▇▇ The credibility of a police informer may be shown in different ways. The most usual is for the affidavit to recite factual details of the informer's past reliability, especially insofar as the informer's information has been instrumental in securing convictions. See *Hawkins,* supra, 261 A.2d at 265 (concurring opinion). In the instant affidavit, we find no description of the informer's professional background as an informer in terms of credibility. But we do find that the informer conducted his clandestine inquiries under the virtual supervision of a law officer. We think that where an informer works in tandem with a law officer, the law officer continually coaching and observing the informer, the reports of the informer may be deemed credible even where certain material aspects of the informer's activities are without the officer's personal knowledge or observation. We think the law officer's physical proximity and active participation in the informant's intrigue is sufficient corroboration at least to provide, in part, a factual basis for the magistrate's conclusion that the informant is credible or his information reliable. See People v. Marro, 4 Ill.App.3d 197, 280 N.E.2d 560, 563–64 (1972). The instant affidavit is not one where independent police work corroborates or rehabilitates an informer's insufficient tip. See, e. g., *Mandravelis,* supra, 325 A.2d at 796. Rather, here, the police corroboration is a co-ordinate and intrinsic part of the informer's operation, and thus aids in establishing the informer's credibility. In addition to police observation of the informant while the latter was engaged in

gathering information, the informant himself turned over to the police a marijuana cigarette allegedly obtained from the occupant of the premises to be searched. We have held that where the conduct of an informant involves the informant in the commission of crime, and the informant renders to the police evidence of the selfsame criminal offense, the conduct of the informant is an admission against his penal interest. Such conduct on the part of an informant may justify an affiant's reasonable belief of credibility of the informant's story in support of the magistrate's finding of probable cause. *Appleton*, supra, 297 A.2d at 369. In the instant case the additional fact that a law officer corroborated by personal observation the major part of the informant's activities fully justifies the magistrate in finding the informant to be credible; therefore the entirety of the informant's report may be given appropriate probative weight in determining probable cause.

The credibility of the informant having been amply demonstrated, there is no need for us to consider the language of the affidavit purporting to establish the credibility of the informant by reference to the affiant's personal opinion of the informant's credibility and by a vague summary of the informant's background and standing in the community. We note the disagreement as to the utility of such background information. Compare United States v. Harris, 403 U.S. 573, 581–82, 91 S.Ct. 2075, at 2081, 29 L.Ed.2d 723 at 733 (Burger, C. J.) with id. at 600, 91 S.Ct. at 2090, 29 L.Ed.2d at 743 (Harlan, J., dissenting). We would only say that for such information to be given any weight, it would have to transcend mere conclusory praise of an informant's virtues to provide underlying factual material from which a magistrate could make an independent judgment whether the background information adduced warrants an inference of credibility.

We sustain the instant search warrant. The supporting affidavit establishes probable cause for the search, and the warrant adequately incorporates the affidavit. In denying defendant's motion to suppress the search, the Superior Court did not err.

The entry must be:

Appeal denied.

All Justices concur.